# Buell *v.* Underwood.

### *Statutory Real Action in nature of Ejectment.*

1.  *Power of sale, and assignment of mortgage.*—When a mortgage of lands, or other conveyance intended to secure the payment of a debt, contains a power of sale, " the power is part of the security " (Code, § 2198), "and may be exercised by any person, or the personal representative of any person, who, by assignment or otherwise, becomes entitled to the money thereby secured."

2.  *Same; mortgage and secured note construed together.*—When a mortgage of lands is attached to a crop-lien note, given to secure the same debt, bearing the same date, and attested by the same witnesses, the two instruments are, in legal effect, but one and the same ; and under the operation of this statute, a transfer by the mortgagee of " all the right, title and interest, in and to the within mortgage," conveys the secured debt, and authorizes the assignee to exercise the power of sale as the mortgagee might have done.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN K. HENRY.

This action was brought by David Buell, against V. A. T. Underwood and Henry Brunson, to recover the possession of a tract of land, which was particularly described in the complaint; and was commenced on the 13th February, 1880. The cause was tried, as the bill of exceptions states, " on the plea of the general issue, and other pleas." On the trial, the plaintiff offered in evidence a mortgage executed by said Underwood and wife, dated the 1st April, 1873, by which they conveyed to J. H. Weil & Co. the land here sued for, with the crop then growing on it, in consideration of a recited indebtedness of $544.83, " necessary provisions this day furnished ; " recited that the grantors had executed their note for the debt, of even date with the mortgage, and contained a power of sale to the said J. H. Weil & Co., " their heirs or assigns," if default should be made in the payment of the note. Attached to the mortgage, as copied in the bill of exceptions, is the note therein mentioned, which is in the ordinary form of a crop-lien note, of even date with the mortgage, and attested by the same witnesses ; and a certificate of the probate judge, of the proof of " the foregoing conveyance " by one of the subscribing witnesses, dated the 24th May, 1873, is then appended, followed by a memorandum of the fact that it was filed for record on the same day. Plaintiff then offered in evidence an assignment indorsed on said mortgage by J. H. Weil & Co., in these words : "For value received, we hereby transfer and assign all our right,

Buell v. Underwood.

title and interest, in and to the within mortgage, to Herbert
& Murphy, and Herbert & Buell." The defendants " objected
to the introduction of this indorsement as evidence, on the
ground that it was insufficient to convey the legal title of
said lands to the said transferrees ; " and the plaintiff then
offered, " in connection with said indorsement, to prove that,
on the 3d November, 1879, after said mortgage was trans-
ferred, " the transferrees sold the lands, pursuant to the
power of sale contained in the mortgage ; that one Lane
became the purchaser at said sale, and received a convey-
ance from the assignees ; and that Lane afterwards conveyed,
by quit-claim deed, to the plaintiff. " This was all the plain-
tiff's evidence of title ; and the court thereupon sustained
the objection to the introduction of said indorsement as evi-
dence, on the ground that it was insufficient to convey to the
assignees the legal title to the lands conveyed by the mort-
gage, and that plaintiff could not recover in this action with-
out a conveyance of the legal title. " The plaintiff excepted
to this ruling of the court, and was thereby compelled to
take a nonsuit ; which he now moves to set aside, assigning
the ruling of the court as error.

H. A. HERBERT, for the appellant, cited *Prout v. Hoge*,
57 Ala. 28 ; *Whitney v. McKinney*, 7 Johns. Ch. 144 ; 1 Jones on
Mortgages, §§ 786–7 ; *Lewis v. Wells*, 50 Ala. 198 ; *McGuire
v. Van Pelt*, 55 Ala. 344 ; *Doolittle v. Lewis*, 7 Johns. Ch. 45 ;
*Bradley v. Railroad Co.*, 36 Penn. St. 151 ; Perry on Trusts,
§ 495 ; 2 Washb. Real Property, 73–4 ; Code, § 2198.

W. D. ROBERTS, *contra*, cited *Graham & Rogers v. New-
man*, 21 Ala. 497 ; *Welsh v. Phillips*, 54 Ala. 309 ; *Bibb v.
Hawley*, 59 Ala. 403 ; *Alexander v. Caldwell*, 61 Ala. 543 ;
*Chapman v. Holding*, 60 Ala. 522.

SOMERVILLE, J.—The sole question properly presented
by the record, in this case, involves the construction of sec-
tion 2198 of the Code (1876), which is as follows : " Where
a power to sell lands is given to the grantee, in any mort-
gage, or other conveyance intended to secure the payment of
money, *the power is part of the security*, and may be executed
by any person, or the personal representative of any person,
who, *by assignment or otherwise, becomes entitled to the money
thus secured.*"
The instrument claimed to be assigned here, is a mort-
gage, in the usual form, conveying the land for the recovery
of which this action was brought. As part and parcel of it,
bearing the same date, and attested by the same witnesses,

is a crop-lien note, given to secure the same debt, and obligating the maker to pay it at a date specified.    The written transfer, on the back of this instrument, is of " all the right, title and interest " (of the mortgagees), " in and to the *within mortgage.* " The court below excluded the evidence of this written indorsement, when offered by appellant, " on the ground that it was *insufficient* to convey to the assignees the legal title to the lands conveyed by the mortgage. " This was offered, also, in connection with the further evidence, that the transferrees of said mortgage had proceeded, in accordance with a power of sale contained therein, to expose said land to sale at public outcry, and make a deed conveying it to the purchaser, who afterwards made a quit-claim of his acquired title to the appellant.

We think the Circuit Court erred in excluding this evidence.    The assignment entitled the assignee to the money secured by the mortgage, within the meaning of the statute. The transfer is broad enough to carry both of said instruments, which are, in legal effect, but one and the same, and includes the debt secured, which thereby passes to the assignee.    The power of sale was properly exercised by the assignee, being a part of the security ; and a deed made thereunder, strictly in accordance with its terms, would convey such title as passed under the mortgage to the grantee.—*McGuire v. Van Pelt,* 55 Ala. 344 ; *Lewis et al. v. Wells,* 50 Ala. 198 ; *Graham & Rogers v. Newman,* 21 Ala. 497.

Reversed and remanded.