# McMillan *v.* Wooten.

### *Trover.*

1. *Agent ; authority of.*—Authority to an agent "to trade off said mule, if he could get anything that suited him," does not empower him to exchange the mule for another, and bind his principal to pay a sum of money, as the estimated difference in value.

Appeal from the Circuit Court of Marengo.
Tried before Hon. W. E. Clarke.

[McMillan v. Wooten.]

This was an action of trover brought by J. J. McMillan against C. B. Wooten for the alleged conversion of a "mouse-colored mule;" and was commenced on 27th December, 1884. Issue was joined on the plea of the general issue, the trial resulting in a verdict and judgment for the defendant. On the trial, as shown by the bill of exceptions, the plaintiff introduced as a witness one Bill McMillan "who testified that he lived with the plaintiff, and that the plaintiff owned a small black mule, and that he, Bill McMillan, was working said mule; and that the plaintiff authorized him to trade off said mule if he could get anything that suited him : that subsequently he did trade said mule with the defendant for the mouse-colored mule mentioned in plaintiff's complaint and delivered the defendant the small black mule; and he agreed to pay the difference in the value of the mules which was agreed upon, respectively, $100.00 for the small black mule, and $125.00 for the mouse-colored mule; but defendant further agreed that if he sold the small black mule for more than $100.00 that he would allow the difference between the amount for which the said small mule sold, and one hundred and twenty-five dollars. The small mule was sold by Wooten, the defendant, for $110.00. That after that time the defendant (Wooten) took possession of the said mouse-colored mule mentioned in the suit." There was no material conflict in the testimony as to the terms on which the exchange was effected, the evidence adduced in behalf of the defendant tending to corroborate the foregoing witness. The plaintiff requested the court, in writing, to charge the jury as follows : "If the jury believe from the evidence that Bill McMillan was authorized by James J. McMillan to trade the little black mule, and he did trade him to the defendant for the mouse-colored mule, that the legal title to the mouse-colored mule was invested in the plaintiff; and if the evidence further shows that the defendant converted said mule, they should find for the plaintiff." To the refusal of the court to charge as requested the plaintiff duly excepted, and here assigns the same as error.

J. W. Bush, for appellant.

Watts & Son, contra.

SOMERVILLE, J.—The action, being trover, can be maintained in this case only on the theory, that the plaintiff was invested with the ownership of the mule alleged to have been converted to the use of the defendant.

Whether he had acquired any property in the animal depends upon one of two contingencies. The agent of the

[Modawell et al. v. Hudson et al.]

plaintiff, who made the exchange of the small black mule owned by the plaintiff, for the mule owned by Wooten— the one here in controversy—must either have been invested with the original authority to make the exchange, or else the transaction must have been subsequently ratified by the plaintiff, under such circumstances as to be binding on him.

The agent, McMillan, testifies that the plaintiff "authorized him to trade off said [black] mule if he could get anything that suited him." This authority, in our opinion, conferred on the agent the power only to make a barter or exchange on equal terms—so that the thing given and that received should be equivalent each for the other. It did not confer any power to trade by way of purchase in such manner as to burden the plaintiff with an accompanying obligation to pay in money the difference in value between the two animals. The latter trade is the one shown to have been made by the agent, and not the former. It created a debt which was not binding on the principal without his ratification, express or implied. The charge requested erroneously assumes the contrary to be true, and was for this reason properly refused.

Affirmed.