# McCall *v.* Rickarby.

*Petition for Supersedeas of Execution.*

1. *Execution issued after lapse of ten years.*—An execution, issued after the lapse of ten years from the date of the last preceding execution, is irregular, the judgment being then presumed satisfied (Code, 1886, §§ 2922-3); and it is properly quashed on motion.

APPEAL from the Probate Court of Choctaw.

Heard before the Hon. JAMES A. SLATER.

In the matter of the petition of George D. Rickarby, to supersede and quash an execution which had been issued from said court against him and others, as sureties on the official bond of J. D. Robinson as administrator of the estate of Alex. Lawson, deceased, and levied on his property. The

execution was in favor of E. McCall, as administrator *de bonis non* of the estate of said Alex. Lawson, and was issued on the 18th October, 1887. Letters of administration on the estate of said Lawson were granted to said J. D. Robinson, as sheriff, on the 21st September, 1866; and he gave bond with said Rickarby and others as his sureties. In July, 1869, Robinson having failed to make a settlement as required by an order of the court, he was removed from the administration; and in August, 1869, letters of administration *de bonis non* were granted ·to said McCall. Robinson was afterwards cited to make a settlement of his accounts as administrator, but failed to appear in answer to the citation; and an account having been afterwards stated against him by the court, a decree was rendered against him on the 11th October, 1869, in favor of said McCall as administrator *de bonis non*, for $3,800. On this decree an execution was issued against said administrator, and duly returned "No property found;" and other executions were afterwards issued against him and his sureties, as stated more particularly in the opinion of the court. On the evidence adduced, the court quashed the execution; and its judgment, to which an exception was duly reserved by the plaintiff, is now assigned as error.

W. F. Glover, for appellant.

Hamiltons & Gaillard, *contra*.

STONE, C. J.—Giving to the record before us, and to the testimony appellant was able to produce, the interpretation most favorable to his wishes, they prove only the following state of facts:  That in September, 1869, a decree of the Probate Court of Choctaw county was rendered in his favor, as administrator *de bonis non* of Alex. Lawson, deceased, and against J. D. Robinson, removed administrator in chief; that up to, and including February, 1874, three executions were issued on said decree, the last one returned "No property found," April 23, 1874; that on March 9, 1876, another execution was issued, which was likewise returned "No property found," date not shown.  There was then a lapse of more than eleven years, during which time no execution was issued, and no attempt made to enforce said decree.  On October 18, 1887, another execution was issued on said decree, which was levied on the property of Rickarby, as one

[Clark v. Zeigler.]

of the sureties of Robinson, when the present proceedings were instituted to supersede and quash said last execution. The Probate Court granted the motion.

Several reasons are urged before us, why the judgment of the Probate Court should be affirmed. We place our ruling on a single ground. Our statute, Code of 1886, provides, that "when execution has been issued on a judgment within a year after the rendition, and has not been returned satisfied, another execution may be issued at any time within ten years after the test of the last, without a revival of the judgment." § 2922. "If ten years have elapsed from the rendition of the judgment, without the issue of execution, or if ten years have elapsed since the date of the last execution issued, the judgment must be presumed satisfied, and the burden of proving it not satisfied is cast on the plaintiff."—*Ib.* § 2923.

The execution in this case was irregular; and without noticing any other ground, it was rightly quashed.—*Perkins v. Brierfield Iron & Coal Co.*, 77 Ala. 403; *Elliott v. Holbrook*, 33 Ala. 659.

Affirmed.