# Martinez *v.* Lindsey & Gay.

*Statutory Action in nature of Ejectment.*

1. *Judgment as evidence of debt.*—A judgment is not evidence of the existence of a debt prior to the date of its rendition.

2. *Purchase for value without notice.*—A bona fide purchaser for valuable consideration without notice, is not affected by notice to his immediate vendor.

3. *Sale under power in mortgage, by assignee.*—Under statutory provisions (Code, § 1844), a power of sale in a mortgage may be executed by an assignee, although the assignment does not convey apt words of conveyance.

4. *Purchase by mortgagee at sale under power.*—When the mortgagee becomes the purchaser at his own sale under a power in the mortgage, not being authorized to do so, the sale is voidable at the option of the mortgagor, seasonably expressed, but valid as to all other persons.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by W. J. Martinez, as the administrator of the estate of F. P. Martinez, deceased, against the partners composing the firm of Lindsey & Gay, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 13th August, 1888. The plaintiff claimed the land as purchaser at sheriff's sale under execution against M. C. Stokes, which execution was issued on a judgment recovered by him against said Stokes on the 28th March, 1884; and the defendants claimed as purchasers under a mortgage executed by said Stokes to H. Baars and E. Downing, which was dated the 19th March, 1884. The opinion states the material facts bearing on the points decided.

J. W. POSEY, for appellant, cited 68 Ala. 124; 60 Ala. 545; 66 Ala. 562; 82 Ala. 466; *Bank v. McDonnell,* 89 Ala. 434;

[Martinez v. Lindsey & Gay.]

*McDowell v. Steele*, 87 Ala. 493; *Bank v. Brewer*, 71 Ala. 575; *Sanders v. Cassady & Blackwell*, 86 Ala. 246.

M. A. RABB, *contra*, cited Code, § 1844; *Buell v. Underwood*, 65 Ala. 285; *McGuire v. Van Pelt*, 55 Ala. 344; *Sloan v. Frothingham*, 65 Ala. 593; *Wildsmith v. Tracy*, 80 Ala. 259.

COLEMAN, J.—Many questions discussed in brief of attorneys for appellant have been eliminated by the agreement of the parties, made in open court, and set out in the bill of exceptions. The facts of the case, as limited by the agreement, may be briefly stated as follows:

On the 28th of March, 1884, plaintiff recovered a judgment against M. C. Stokes. Executions were regularly issued; and on the first of March, 1886, the lands in controversy were sold under the execution by the sheriff, at which sale plaintiff became the purchaser. The sheriff executed to him a deed, and plaintiff instituted the present suit in ejectment to recover the lands. On the 19th March, 1884, some nine days previous to the date of the judgment, Stokes executed a mortgage on the same lands to H. Baars and E. Downing, to secure the payment of a recited consideration of thirty-three hundred dollars, with a power of sale, to be executed at any time the mortgagees "may feel unsafe or insecure." The mortgagees, prior to the levy of the execution, by writing on the mortgage, assigned their interest in the note and mortgage, as follows: "All our interest in this note and mortgage is hereby assigned to Findley & Kennedy, without recourse, January 6th, 1885." The note was also indorsed, and made payable at the same time to the order of Findley & Kennedy. On the 19th of February, 1886, nine days before the sheriff's sale, Findley & Kennedy, under the power of sale in the mortgage, foreclosed it by a sale of the property. By their agent, McMillan, they became the purchasers at their own sale. A deed was executed to McMillan, and by him the lands were deeded back to Findley & Kennedy. The defendants, Lindsey & Gay, held by regular mesne conveyances from Findley & Kennedy.

The agreement made in court is as follows: "It was agreed that Findley & Kennedy were *bona fide* purchasers for value, without notice, other than such as would be implied from the existence of the judgment against Stokes, and the issuance and existence of the executions issued thereon, and sale thereunder, and record of the deed of that sale." There is no evidence to show the law-day of the mortgage, and whether it was past due, or to become due, when Findley & Kennedy became the assignees of the mortgage and debt.

[Martinez v. Lindsey & Gay.]

The plaintifl asked the court to give the following written charge : "If the jury, from the evidence, believe that Stokes, the mortgagor, was in failing circumstances at the time he executed the mortgage to Baars & Downing, and that Baars & Downing knew of said insolvency, and they, in addition to securing the debt which Stokes then owed them, paid to said Stokes eleven hundred dollars, or any other sum in cash, and that these plaintiffs at that time were creditors of said Stokes, the mortgage would be fraudulent and void as to plaintiffs, and the jury should find for the plaintiffs."

A judgment is no evidence of an indebtedness prior to the date of its rendition.—*Donly v. McKiernan*, 62 Ala. 35; *Snodgrass v. Branch Bank*, 25 Ala. 161. It was expressly agreed that Findley & Kennedy were *bona fide* purchasers for value, without notice, except that to be implied from the judgment, &c. Findley & Kennedy were derivative purchasers for a valuable consideration, and, by the agreement, had no notice of the insolvency of Stokes. Being *bona fide* purchasers for a valuable consideration without notice, they can not be affected by notice to their immediate vendor.—*Horton v. Smith*, 8 Ala. 78; 3 Ala. 458.

The only other question of any importance, left open for consideration under the agreement, is, whether the assignment of the mortgage and note by Baars & Downing to Findley & Kennedy, not containing "apt words" of conveyance, authorized the assignee to execute the power of sale, and to make a deed of conveyance to the purchaser. Section 1844 of the Code of 1886 makes provision for such cases. This section of the Code has been construed in numerous decisions, in which it was held that an assignment of the mortgage with "apt words" to pass the legal title was unnecessary.— *Wildsmith v. Tracy*, 80 Ala. 263; *Buell v. Underwood*, 65 Ala. 285; *McGuire v. Van Pelt*, 55 Ala. 344.

There is nothing in the objection that the mortgagee, or his assignee, became the purchaser at his own sale. A sale is not void on this account. It is voidable at the option of the mortgagor, seasonably expressed, but valid as to all other parties. *Comer v. Shehan*, 74 Ala. 458; *Cooper v. Hornsby*, 71 Ala. 65; *Harris v. Miller*, 71 Ala. 26.

The defendants, claiming title under the assignees of the mortgage executed prior to the judgment against the mortgagor, and who were *bona fide* purchasers for value without notice, other than to be implied from the judgment and execution thereon, hold by a title superior to that of a purchaser at sheriff's sale made under execution issued on the subsequent judgment.

The judgment of the lower court must be affirmed.