# Johnson *v.* Beard.

*Statutory Action in nature of Ejectment.*

1. *Assignment of mortgage; sale under power by assignee.*—Under statutory provisions (Code, § 1844), a power of sale in a mortgage may be executed by an assignee, although the assignment does not contain apt words of conveyance.

2. *Same; impeaching consideration.*—In an action by the purchaser at a sale by the assignee, against the mortgagor, to recover the possession of the mortgaged lands, the defendant can neither impeach the validity of the assignment, nor inquire into the consideration passing between the parties.

3. *General objections to evidence.*—Objections to testimony, not defining the grounds of objection, are too general, since the court is not bound to cast about in search of them.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. P. N. HICKMAN, as special judge.

W. D. ROBERTS, for appellant.

J. D. GARDNER, and H. L. MARTIN, *contra.*

COLEMAN, J.—This was an action in ejectment by Beard against appellant. Plaintiff in ejectment suit claimed title under a deed executed to him by the assignee of a mortgage, who forelosed the mortgage under a power of sale contained in it. Appellant, defendant in the ejectment suit, was the mortgagor. The grounds of defense were, first, that the transfer of the mortgage to the assignee contained no apt words of conveyance so as to carry the legal title; and, second, that the transfer of the mortgage to the assignee was without consideration, and made to defraud the creditors of the mortgagee.

Code, section 1844, which provides, that the assignee of a mortgage in which is given the grantee the power to sell, may execute the mortgage notwithstanding the assignment may not contain apt words to convey the legal title, has been so often construed by this court, we deem it unnecessary to do more than simply to cite some of the cases : *Martinez v. Gay,* 91 Ala. 334; 80 Ala. 263 ; *Buell v. Underwood,* 65 Ala. 285 ; 55 Ala. 344. In the case of *Sanders v. Cassady & Blackwell,* 86 Ala. 246, the auctioneer who sold the land at public auction, for the assignee of the mortgage, made the deed in his

own name to the purchaser. As a matter of course, not being the transferree of the mortgage, and having no title in himself otherwise, he could convey none. The cases are wholly unlike.

Conveyances made with the intent to hinder, delay and defraud creditors, are valid and binding between the parties and their privies, and as to them have the same operation and effect as if founded on a valuable consideration, untainted with a covinous intent.—3 Brick. Dig. p. 514, § 105. The defendant was the mortgagor, a debtor instead of being a creditor of the mortgagee, and as such had no right to impeach the validity of the assignment made by his mortgagee, or to inquire into the consideration passing between the mortgagee and his assignee. There was no error in excluding the testimony offered to prove these facts.

Appellant's objections to questions could not be sustained on other grounds. They are too general. Objections to testimony should define the grounds of objection. The court is not bound to cast about in search of them.—*Dryer v. Lewis*, 57 Ala. 551.

The principles of law herein declared, dispose of the special pleas of the defendant.

There is no error in the charges given, or in refusing to charge as requested.

Affirmed.