# Ward *et al.* v. Ward *et al.*

*Bill in Equity to set aside a Sale under Power in Mortgage.*

1. *Power of sale in mortgage; exercise by assignee.*—Under the provisions of Code, §§ 2694, 1844, and an assignment written on the mortgage in these words, "In consideration of two hundrhd dollars to us paid, we hereby assign, transfer and convey to John G. Ward, the note and mortgage and all our rights therein, excepting Johnson land, all that we claim is due thereon," the assignee is authorized to execute a power of sale in the mortgage.

2. *Authority in mortgagee to purchase; right of assignee.*—Where a mortgage containing a power of sale to the mortgagee and assigns, confers upon the mortgagee the privilege of purchasing at such sale, but does not expressly authorize his assignee to do so, the privilege of purchasing is as much a part of the security as the power of sale itself, and passes to an assignee.

3. *Foreclosure of mortgage under power; presumption of validity.*—In the absence of all evidence to the contrary, it will be presumed that a sale under a power contained in a mortgage, was regular and valid.

4. *Same; inadequacy of bid.*—Inadequacy of the bid at a sale under a power of sale in a mortgage, does not in itself invalidate or affect the sale.

APPEAL from Dale Chancery Court.
Heard before Hon. JERE N. WILLIAMS.

[Ward *et al.* v. Ward *et al.*]

Mack Ward, and other heirs of Wm. J. Ward, deceased, filed this bill against Jno. G. Ward and others for the purpose of having set aside a sale made by J. G. Ward under a power of sale in a mortgage, and for a statement of accounts, and redemption.

The averments of the bill were to the effect that in 1883, Wm. J. Ward executed to Oates & Cowan, a mortgage on certain lands therein described; that Wm. J. Ward died in 1886, leaving complainants as his heirs at law, and in 1887, the mortgage was assigned to appellee, John G. Ward. The language of this assignment, and material terms of the mortgage are sufficiently stated in the opinion; that in 1888, John G. Ward proceeded to foreclose said mortgage by a sale under the power of sale therein contained, and at such sale, became the purchaser of the lands, taking a deed executed in his own name by the auctioneer conducting the sale. The grounds upon which this sale was attacked, and the evidence in support thereof are sufficiently shown in the opinion.

On submission for final decree, the chancellor held that complainants were not entitled to relief, and dismissed their bill, from which decree, they appealed.

H. H. Blackman and H. S. Martin, for appellants. The sale was void because no memorandum thereof was made by the auctioneer, 67 Ala. 99.

The assignee was not authorized by the mortgage to purchase, hence the sale was void,—86 Ala. 246.

The deed made by the auctioneer in his own name, was unauthorized and void.—86 Ala. 249.

The death of the mortgagor revoked the agency of the auctioneer, and also the power of sale to the mortgagee. —31 Ala. 274; 32 Ala. 404; 5 Am. Eng. Ene. L. 137; 72 Ga. 20.

Borders & Carmichael, *contra.*—The appellee had the right to exercise the power of sale and purchase thereat. No irregularity in the conduct of the sale is shown.—*Harris v. Miller*, 71 Ala. 26; *Bailey v. Timberlake*, 74 Ala. 221; *Mewbern v. Bass*, 82 Ala. 622; 55 Ala. 624; 70 Ala. 47; 77 Ala. 157, 278, 515.

McCLELLAN, J.—The bill alleges that the requisite

notice of the sale, made by John G. Ward, as assignee of Oates & Cowan, mortgagee, in foreclosure of the mortgage, was not given; but complainants offer no evidence in support of this averment, while, to the contrary, John G. Ward and two other witnesses testify that such notice was given. So far as the equity of the bill rests on this averment, therefore, it fails for the want of proof.

The bill also alleges that the writing by which Oates & Cowan transferred the mortgage to John G. Ward was insufficient to pass the mortgagee's title to the land into the transferee, because it contained no apt words of conveyance. "Apt words of conveyance" are not necessary to pass the legal title to land under our statute: it is sufficient "if such was the intention of the grantor, to be collected from the entire instrument."—Code, § 2694. The transfer involved here, not only shows the intention of the grantors to pass the title to the transferee, but it contains words which would be adequate to that end in the absence of the statute referred to above. It is as follows; "In consideration of two hundred dollars to us paid, we hereby transfer, assign and convey to John G. Ward the note and mortgage and all our rights therein excepting Johnson land, all that we claim is due thereon." This is written on the back of the mortgage. Moreover, another statute expressly provides: "Where a power to sell lands is given to the grantee in any mortgage, or other conveyance intended to secure the payment of money, the power is part of the security and may be executed by any person, or the personal representative of any person, who, by assignment or otherwise, become entitled to the money thus secured."—Code, § 1844. And the necessary effect of this provision is to authorize any person who becomes entitled to the "money thus secured" by an assignment of the mortgage not made with the formalities essential to the execution of a conveyance of land, in respect of attestation or acknowledgment, to sell under the power and pass title into the purchaser at such sale.— *Wildsmith v. Tracy, et al*, 80 Ala. 258; *Buell v. Underwood*, 65 Ala. 285; *McGuire v. Van Pelt et al*, 56 Ala. 344; *Martinez v. Lindsay et al*, 91 Ala. 334.

This instrument contained not only a power of sale, but expressly authorized the mortgagees to purchase at

[Ward *et al.* v. Ward *et al.*]

any sale made under it. It conveyed the land to the mortgagees and their assigns, and it authorized and empowered the mortgagees, "their agent, attorney, assignee or auctioneer making the sale to execute title to the purchaser." It contained no express authorization to assignees to purchase at a sale made by them ; but it would seem from the whole instrument that such was the intention of the mortgagor. And regardless of this, we are of opinion that this privilege or power of purchasing is as much a part of the security as the power of sale itself, and as such, being in the mortgagees, passes by their assignment; so that our conclusion is that there is no merit in the position of complainants that John G. Ward, the assignee, was not authorized to become the purchaser at the sale made by him.

It is further insisted that the sale by John G. Ward under the power was invalid because the auctioneer who conducted it did not at the time thereof make a memorandum in writing as required by the statute of frauds. It will suffice to say that the presumption of regularity and validity comes in here to the support of the sale in the absence of all evidence that such memorandum was not made.

It is doubtful, to say the least, whether the price bid and paid for the land by John G. Ward at the sale under the power, was greatly less than its then value ; but conceding it to have been, this in itself does not invalidate or affect the sale.—2 Jones on Mortgagees, § 1883.

This sale, we conclude, was in all respects regular and valid, and of consequence, foreclosed the equity of redemption residing at the time in the heirs of W. J. Ward, the mortgagor, and left in them, whether they were *sui juris* or not, only the statutory right to redeem within two years from the date of sale, a period which had elapsed long before the filing of this bill.—*Mewburn's Heirs v. Bass*, 82 Ala. 622. The case of *Alexander v. Hill*, 88 Ala. 488, has no application to the case, the sale and purchase having been made in accordance with the terms of the mortgage.

The decree of the chancery court must be affirmed.