# Herzberg Bros. v. Hollis.

*Motion to Vacate Sale of Lands Under Execution.*

1. *Sale under execution on dormant judgment, voidable.*—Though a sale under an execution issued on a dormant judgment is not void, it is voidable at the election of the defendant in execution, seasonably expressed, unless by some act he is estopped to assert the right. He is not estopped by being present at the sale, and making no objection thereto when he had no knowledge that the execution was issued on a dormant judgment.

APPEAL from Etowah Circuit Court.
Tried before Hon. J. A. BILBRO.
The case is stated in the opinion.

GEO. D. MOTLEY, for appellants, cited, *Deloach v. Robbins,* 102 Ala. 288; *Leonard v. Brewer,* 86 Ala. 390; *McLaughlin v. Bradford,* 82 Ala. 431; 8 Am. and Eng. Encyc. of Law, 465, 469; 1 Freeman on Executions, 63, note; *Enslen v. Wheeler,* 98 Ala. 200.

AMOS E. GOODHUE, *contra,* cited, Freeman on Judgments 442; *Perkins v. Brierfield,* 77 Ala. 403; *Enslen v. Wheeler,* 98 Ala. 200; 1 Am. and Eng. Encyc. of Law, (2 Ed.) 570; *Finney v. Erie City Iron Works,* 20 So.; *Penn. v. Langdon,* 99 U. S. 581; *Colbert v. Daniel,* 52 Ala. 314; *Walls v. Grigsby,* 42 Ala. 473; *Steele v. Adams,* 21 Ala. 534; *Beach v. Dennis,* 47 Ala. 262; *Ray v. Womble,* 56 Ala. 32; *Locket v. Hurt,* 57 Ala. 198; *Cowan v. Sapp,* 74 Ala. 44; *Holly v. Bass,* 68 Ala. 206; *Scranton v. Ballard,* 64 Ala. 403.

COLEMAN, J.—The appeal is prosecuted from an order of the circuit court, quashing an execution and setting aside a sale of land made by virtue thereof, issued from the circuit court of Etowah county against the appellee, Joseph P. Hollis. The motion and evidence introduced on the trial show, that the judgment was recovered on the 24th day of July, 1886, and execution issued on the 2d day of September, 1886; that no other execution issued thereon until the 24th day of

[Whitney v. Jasper Land Company.]

May, 1897, more than ten years after the first execution had become *functus;* and that the judgment has not been paid. The judgment was recorded in the record book of liens and judgments in the probate office, on the 11th of August, 1887, more than twelve months after the rendition of the judgment.—Sections of the Code of 1896, 1922, 1924, 1925; *Ensler v. Wheeler,* 98 Ala. 200. The defendant in execution moved the court to quash the execution and vacate the sale at the first term of the court thereafter and within less than two months after the sale.

Though a sale by virtue of an execution issued on a dormant judgment is not void, it is voidable at the election of the defendant in execution, seasonably expressed, unless by some act he is estopped from asserting the right.—*Gardner v. Railroad Co.* 102 Ala. 635; *McCall v. Rickarby,* 85 Ala. 152; *Cowan v. Sapp,* 74 Ala. 44; *Ponder v. Cheeves,* 90 Ala. 117; *Slater v. Alston,* 103 Ala. 605.

It seems that the purchaser at the sale was interested as plaintiff in execution. The only fact brought forward as evidence of an estoppel or waiver is, that plaintiff was present at the sale and interposed no objection. He testifies that he had no knowledge at the time that the execution was issued on a dormant judgment. Certainly the plaintiff and purchaser was chargeable with this information. There is no error in the record.

Affirmed.