# Harton *v.* Little, *et al.*

### *Bill to Enforce a Trust Against Land.*

(Decided December 21, 1911. Rehearing denied February 15, 1912. 57 South. 851.)

1. *Mortgages; Foreclosure; Presumption.*—It is presumed that the foreclosure of a mortgage was regular and valid in the absence of evidence to the contrary.

2. *Same; Who May.*—Power of foreclosure of sale contained in a mortgage may be exercised by any person entitled to the mortgage debt, without an assignment of the mortgage, since a transfer of the debt in writing, or by parol is an equitable assignment of the mortgage. (Section 4896, Code 1907.)

3. *Trusts; Enforcement; Parties.*—One having no interest in land in which a trust is sought to be declared, and against whom no relief is prayed, is not a proper party respondent to the proceedings.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

[Harton v. Little, et al.]

Bill by H. M. Harton, against W. M. Little and others, to declare and enforce a trust against certain lands. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

S. C. M. AMASON, for appellant. The bill was not demurrable for joinder of parties respondent.—*Larkin v. Meed*, 77 Ala. 485; *Howard v. Kennedy*, 39 Am. Dec. 307. The court has already decided that there has been no adjudication of complainant's right and title to one-half the land.—*Harton v. Little*, 51 South. 974; *Hood v. Clark*, 141 Ala. 397. Appellant does not seek to assail the decree of the city court of Birmingham, but relies on it to protect his rights in the one-half interest.— *Chamblee v. Cole*, 128 Ala. 649. No one was injured by the conveyances but the appellant.—*First Nat. Bank v. Smith*, 93 Ala. 97; *Polluk v. Myer*, 96 Ala. 172. Appellant received no benefit whatever from the conveyance, and is not estopped from attacking them.—*Robinson v. Pebworth*, 71 Ala. 240; *Goodman v. Winter*, 64 Ala. 410. A purchaser under a quit claim or statutory warranty cannot maintain the defense of a bona fide purchaser for value without notice when the title to it under such a deed is assailed.—Sec. 2421, Code 1907, and authorities therein cited. It is not a stale demand, and it would not be inequitable to enforce appellant's right to a half interest in the land.—*Davis v. Williams*, 121 Ala. 542; *Street v. Henry*, 124 Ala. 153; *Waller v. Nelson*, 106 Ala. 533. The Johnsons were necessary parties respondent.—*Johnson v. Little*, 141 Ala. 382; *Gibson v. State*, 89 Ala. 121. A court of law has no power or authority to grant this relief.—*Ray v. Womble*, 56 Ala. 32. The bill sufficiently avers the fraud.—*Balkum v. Breare*, 48 Ala. 75; *McDonald v. Pearson*, 114 Ala. 630.

FRANK S. WHITE & SONS, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The appellant, H. M. Harton, filed his bill to declare and enforce an alleged trust in certain land to which the Gibson Realty Company, one of the respondents, is shown to have a clear record title. Subsequent to the creation of the alleged trust and the alleged accrual to complainant of an undivided half interest in the land, the alleged trustee—with complainant's knowledge, and without protest from him apparently—conveyed said half interest to complainant's wife, reciting a purchase price of $5,000. Contemporaneously with this transaction, complainant and his wife executed a mortgage deed granting and selling said land to the said trustee-grantor to secure the payment of a recited purchase-money note for $3,000, as recited in the mortgage. This mortgage was afterwards foreclosed by sale under the power therein granted; the recitals of the foreclosure deed being that Mrs. Johnston, the mortgagee and payee, "for valuable consideration and before maturity indorsed, transferred and assigned to the First National Bank of Birmingham the note and mortgage aforesaid," and that "W. J. Gilmore purchased for valuable consideration the note due said bank as aforesaid, and received an indorsement and transfer of the security above mentioned."

The recitals of this deed are full, and amply show, prima facie, a valid foreclosure of the mortgage by the transferee and owner of the debt which it secured.—*Naugher v. Sparks*, 110 Ala. 572, 18 South. 45. Moreover, regularity and validity are presumed in the absence of evidence to the contrary.—*Ward v. Ward*, 108 Ala. 278, 19 South. 354.

The title thus acquired by Gilmore as purchaser at the foreclosure sale for the price of $3,951.20 passed by mesne conveyances to the Gibson Realty Company, which paid therefor to its grantor the sum of $11,666.66 in money, and received a statutory warranty deed of conveyance.

The only impeachment of this title attempted by the bill of complaint is by the allegation that Mrs. Johnston did not assign and transfer the *mortgage* to the bank, and that the bank did not assign and transfer the *mortgage* to Gilmore, but merely delivered it to him. It is not at all necessary that a mortgage deed be assigned in order to enable the owner of the debt to foreclose under a power of sale. The power of sale is a part of the security, and may be exercised by an assignee, or any person who is entitled to the mortgage debt.—Code 1907, § 4896; *McGuire v. Van Pelt,* 55 Ala. 344; *Buell v. Underwood,* 65 Ala. 285; *Wildsmith v. Tracy,* 80 Ala. 258; *Ward v. Ward,* 108 Ala. 278, 19 South. 354. And a transfer of the debt, by writing or by parol, is in equity an assignment of the mortgage.—*McMillan v. Craft,* 135 Ala. 148, 33 South. 26; *Buckheit v. Decatur Co.,* 140 Ala. 216, 37 South. 75.

The bill does not deny the assignment of the *debt,* nor the ownership thereof by either the bank or Gilmore, and hence its averments are wholly insufficient to overcome the recitals of the deed, or to show an unauthorized exercise of the power of sale.

We hold, therefore, that the bill shows on its face that whatever interest complainant may have once had in the land has passed by his voluntary deed to the Gibson Realty Company, and the bill is therefore without equity, and the complainant is not entitled to relief. The grounds of demurrer pointing out this fatal defect were properly sustained.

It is evident, on the face of the bill, that the respondent R. D. Johnston has no interest whatever in this land, nor in this litigation; nor is any relief prayed against him.　His demurrer for his misjoinder as a party respondent was properly sustained.

We deem it unnecessary to consider whether, under the peculiar circumstances recited in the bill, complainant ever acquired an interest in the land; or whether his conduct with respect thereto would bar his entrance into a court of equity.　For the reasons assigned, the decree of the chancery court must be affirmed.

Affirmed.　All the Justices concur, except DOWDELL, C. J., not sitting.