# Prince, *et al. v.* Carter.

*Ejectment.*

(Decided April 13, 1914.  Rehearing denied May 21, 1914.
65 South. 326.)

1. *Vendor and Purchaser; Bona Fide; Constructive Notice.*—Where
a deed from the common source of title was not promptly filed for
record, the prior registration of other conveyances in plaintiff's chain
of title were without effect to impose constructive notice upon defend-
ant or his predecessor in right.

2. *Same.*—A bona fide purchaser for value and without notice. is
not affected by notice to his immediate grantor.

3. *Execution; Sale; Validity; Dormant Judgment.*—A sale under
an execution issued on a dormant judgment is voidable at the season-
able election of defendant in execution, but operates to pass title if
not set aside.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. Sharpe.

Ejectment by Mrs. S. M. Prince and others against
Mrs. Alice E. Carter.   Judgment for defendant and
plaintiffs appeal.   Affirmed.

FRANK S. ANDRESS, for appellant. Dormant judgment,
until revived, ought not to  affect intervening rights.—
*Leonard v. Brewer,* 86 Ala. 390; *Richardson v. Steiner
Bros.,* 166 Ala. 351.   Defendant was not a bona fide
purchaser.—*Barclay v. Plant,* 50 Ala. 520; *Doe, ex dem.
Stevens v. King,* 21 Ala. 429; 86 Am. Dec. 657; 16 Am.
St. Rep. 381; 2 Devlin on Deeds, § 640.   Means of knowl-
edge is equivalent to knowledge, and whatever is suffi-
cient to put one on his guard and call for inquiry is tan-
tamount to notice that would be obtained by following
it up.—*Cole v. B'ham U. Ry. Co.,* 143 Ala. 427; *Pepper
v. George,* 51 Ala. 194; *Gamble v. Black Warrior,* 172
Ala. 669.

HALEY & HALEY, and T. M. BRADLEY, JR., for appellee. The question as to whether the judgment was dormant can be raised only by defendant in execution, and cannot be raised collaterally.—*DeLoach v. Robbins*, 102 Ala. 288; *Gardiner v. M. & M. R. R. Co.*, 102 Ala. 635. Notice to the immediate grantor of defendant was not notice to defendant, he being bona fide purchaser.—2 Dev. on Deeds, § 746; *T. C. I. & R. R. Co. v. Gardner*, 131 Ala. 599.

McCLELLAN, J.—Statutory ejectment, by appellants against appellee. The general affirmative charge was given for defendant.

The parties to the litigation claim title from a common source, namely, R. J. Terry. The plaintiffs' claim comes down through this line: Warranty deed, R. J. Terry to T. S. Lacey, July 16, 1888, recorded April 21, 1910; warranty deed, Lacey to Birchfield, December 24, 1888, recorded November 28, 1892; warranty deed, Birchfield to Arnold, May 22, 1890, recorded November 28, 1892; warranty deed, Arnold to Salters, July 26, 1892, recorded November 28, 1892; warranty deed, Salters to George Prince (appellants' ancestor), September 25, 1893.

The defendant's claim comes through this line: Record of a judgment, rendered November 4, 1891, in favor of B. F. Roden against R. J. Terry, city court of Birmingham; execution issued November 17, 1898, levy thereunder November 18, 1898; sheriff's deed, after sale under execution, executed December 9, 1898, recorded March 6, 1899, to B. F. Roden, plaintiff in execution, conveying all the title and interest of R. J. Terry in the land in suit, for a consideration of $169.65; quitclaim from R. J. Terry and wife to Joseph F. Johnston, June 10, 1901, recorded August 14, 1901; quitclaim from Johnston and wife to B. F. Roden, February 28, 1901,

recorded January 29, 1904; warranty deed, Roden and wife to Walter Carter, October 28, 1901, recorded November 8, 1901; warranty deed, Walter Carter to Alice Ellen Carter (appellee), July 18, 1906, recorded August 14, 1906.

We have carefully examined the record in the light of appellants' insistence in brief that there was evidence tending, at least, to support an adverse possession of 10 years by appellants' ancestor and those through whom his rights are claimed. This insistence is not sustained by the evidence. Indeed, the testimony of James Echols, appellants' witness, affirmatively refutes the contention. No other witness testified to a *possession* of the property. There is evidence of claim to the property, but this is of course far short of tending, even, to show *possession* that, if maintained for the period requisite, would ripen into title. The question is one where the better title must cast the result. There is no evidence of an occupancy wherefrom notice could be or could have been imputed to those upon whose rights defendant must rely. It will be noted that the deed of Terry to Lacey was not filed for record until April, 1910, nearly 22 years after its execution. The registration of the other conveyances in plaintiffs' chain—that from Terry to Lacey being unrecorded till 1910—were without effect to impose constructive notice upon appellee or the predecessors in right of appellee.—*Tenn. Co. v. Gardner,* 131 Ala. 599, 32 South. 622.

Since a bona fide purchaser for value and without notice is not affected by notice to his immediate grantor (*Martinez v. Lindsey,* 91 Ala. 334, 336, 8 South. 787), the defendant, who bought from her son, cannot be affected in her right to be protected as an innocent purchaser by notice to Roden, or even to her immediate grantor, Walter Carter.—2 Dev. on Deeds, § 746.

A sale under an execution issued on a dormant judgment is voidable, not void, at the seasonable election of the defendant in execution.—*Herzberg v. Hollis,* 119 Ala. 496, 24 South. 824. It operates, if not set aside, to pass the title.

There is no error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.