(113 So. 47.)

**HATTER et al. v. QUINA et al. (1 Div. 434.)**

Supreme Court of Alabama. May 19, 1927.

1. Quieting title $\Longleftrightarrow$34(5)—Heir's bill to determine title in reversion, alleging that mortgagor deeded land to mortgagee without other consideration than her mortgage for husband's debt, held to show equity (Code 1923, § 8272).

Bill by heirs to determine title in reversion to land, which alleged that their testator as mortgagor of property was induced to deed land to mortgagee without other consideration than her mortgage given to secure her husband's debt, held, in view of Code 1923, § 8272, to show equity.

**2. Quieting title** ⟨key⟩**34(1)—Bill held not demurrable for want of equity because inaccurately describing husband of deceased as heir at law.**

Heir's bill to determine title in reversion *held* not demurrable for want of equity because of technical inaccuracy in describing husband of deceased and life tenant under her will as one of her heirs at law.

**3. Equity** ⟨key⟩**233—On general demurrer, defects in form of bill, not specifically objected to, are considered amended.**

As against a general demurrer that there was no equity in bill, defects in form thereof are considered as amended unless specifically objected to and pointed out with reasonable certainty.

**4. Equity** ⟨key⟩**233—Bill by heirs at law to settle their title in reversion to land of mother held good as against demurrer for want of equity in not alleging that purchaser had notice that mother's deed was in satisfaction of mortgage securing husband's debt (Code 1923, § 6928, and § 7365, subd. 6).**

Bill by heirs at law to quiet title in reversion, alleging that testatrix died leaving surviving husband who took life estate in property, and averring that testatrix was induced to deed property to defendants without consideration other than mortgage given to secure her husband's debt, *held*, in view of Code 1923, § 6928, and section 7365, subd. 6, good as against general demurrer that there was no equity and that purchaser from mortgagee and grantee was without knowledge of consideration.

**5. Vendor and purchaser** ⟨key⟩**239(8)—Bona fide purchaser for value without notice is not affected by notice to vendor.**

A bona fide purchaser of land for value without notice is not affected by notice to his vendor that original mortgage of land was made by wife to secure debt of her husband.

**6. Vendor and purchaser** ⟨key⟩**240—Generally, defense of bona fide purchaser must be set up by plea or answer.**

Generally, defense of bona fide purchaser for value without notice is defensive matter and must be set up by way of plea or answer.

**7. Vendor and purchaser** ⟨key⟩**242—Party pleading bona fide purchase having proved purchase and payment, burden shifts to other party to prove that he had notice.**

Where party pleading bona fide purchase of land makes satisfactory proof of purchase and payment, burden then shifts to the other party to prove that before payment purchaser had actual or constructive notice of equity asserted or facts sufficient to put him on inquiry, which, if followed up would have discovered equity relied on.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Charles T. Quina, Joseph T. Quina, Albert L. Quina, and Nellie B. Quina, against Albert G. Quina, the Merchants' Bank of Mobile, E. F. Ladd, agent, E. F. Ladd and E. Lyles Hatter, to remove a mortgage and deeds as clouds on complainants' title. From a decree overruling their separate demurrers to the bill, defendants E. Lyles Hatter, E. F. Ladd, agent, E. F. Ladd, and the Merchants' Bank appeal. Affirmed.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

There is no equity in the bill. Hatter was an innocent purchaser without notice that the mortgage was made by Mrs. Quina to secure the debt of her husband. Scott v. Taul, 115 Ala. 529, 22 So. 447.

Thornton & Frazer and Tisdale J. Touart, all of Mobile, for appellees.

Reversioners or remaindermen may proceed in equity pending life estate to have their title or interest in lands declared as against claims of others. St. Clair Springs Hotel v. Balcomb, 215 Ala. 12, 108 So. 858. A mortgage or other conveyance of lands belonging to the wife's statutory estate, executed by her and her husband, as security for his debt, or in consideration thereof, is void. Her heirs may maintain a bill to cancel it. Heard v. Hicks, 82 Ala. 484, 1 So. 639; Lansden v. Bone, 90 Ala. 446, 8 So. 65. The deed by Mrs. Quina was void. Horton v. Hill, 138 Ala. 625, 36 So. 465; Clement v. Draper, 108 Ala. 211, 19 So. 25. A married woman cannot ratify a contract she did not legally enter into so as to make it binding on her, without complying with the same statutory requirements as are imposed for entering into the contract itself. Duncan v. Freeman, 109 Ala. 185, 19 So. 433. An absolute conveyance in form by the wife, but in effect a security for the debt of the husband, is void. Henderson v. Brunson, 141 Ala. 674, 37 So. 549. The averments of the bill are sufficient to show that all defendants had knowledge or notice that the deed to Ladd, as agent, was intended to operate as a mortgage or other security for the debts of the husband. Taylor v. A. & M. Asso., 68 Ala. 230; Livingston v. Livingston, 210 Ala. 420, 98 So. 281; Bruce v. Citizens' Nat. Bank, 185 Ala. 221, 64 So. 82; Barden v. Grace, 167 Ala. 453, 52 So. 425, Ann. Cas. 1912A, 537; Shook v. Southern B. & L. Ass'n, 140 Ala. 575, 37 So. 409.

SAYRE, J. The purpose of the bill by the heirs of Ellen King Quina was to settle and determine their title in reversion to real property in the city of Mobile. Several and separate demurrers to the bill were overruled.

[1] Ellen King Quina had owned the property in her lifetime. The averment, briefly stated, is that she executed a mortgage of her property to defendant Ladd, who was acting as agent of the Bank of Mobile, to secure the

debt of her husband, and that Ladd and the bank have conveyed the property to the defendant Hatter. Afterwards, in lieu of foreclosure, Ellen King Quina was induced to make deed to Ladd without any other or better consideration than that evidenced by the mortgage. Of the equity of a bill of this general character there is no question. Lansden v. Bone, 90 Ala. 446, 8 So. 65; St. Clair Springs Hotel Co. v. Balcomb, 215 Ala. 12, 108 So. 858.

Our consideration of the bill has been limited to the objections urged in the brief for appellant.

[2, 3] The bill avers that Ellen King Quina died leaving a last will and testament, the purpose being to show that defendant Albert G. Quina, surviving husband of testatrix, took under her will an estate for life only in the property in dispute. The will is not exhibited with the bill of complaint, nor is there averment as to whether the will disposed of the remnant of the estate or left it to revert to the heirs of testatrix. The averment to be considered in this connection, along with another to be stated a little later, is that testatrix departed this life "leaving a last will and testament, leaving your orators and oratrix and respondent Albert G. Quina, her husband, as her sole and only heirs at law," the relation of orators and oratrix to testatrix not being otherwise stated. The heirs at law of a deceased person are those who, in the absence of a will, are appointed by law to inherit his real estate. The husband may be an heir under the statute of descent and distribution (Code, § 7365, subd. 6), but, in the case shown by the bill, the husband of testatrix is not an heir because the specific averment is that "under the provisions of said will a life estate is given to said Albert G. Quina to all the real estate of which she may die seized and possessed," and a husband cannot be a coheir with others. But this inaccuracy in the use of terms, of which the demurrers take no special note, does not affect the description of complainants as being "heirs at law" of testatrix, for there is no averment qualifying their description as "heirs at law," nor can we, in the presence of the averment, assume that complainants are aught but heirs at law. Being heirs at law, it is of no consequence whether they take as children or as brothers and sisters or how not. Nor can the court assume, as the brief seems to suggest we should, that to the husband's estate for life the will added such power of disposition as converted the estate for life into a fee according to section 6928 of the Code. Accepting the bill at its face value so far as concerns its description of complainants, they are heirs at law and entitled to have their interests in reversion protected by a decree of the court. The bill is not clear as it ought to be, but, as for the objection thus far considered, we think it should be sustained as against the general demurrer that "there is no equity in the bill." As against such demurrer defects in form are considered as amended unless specifically objected to and pointed out with reasonable certainty. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567. The court cannot assume facts in aid of a demurrer.

[4-7] The bill does not aver that appellant Hatter had notice of the fact that the original mortgage was made by Ellen King Quina to secure the debt of her husband, nor is there anything on the face of the bill to put that appellant on notice of that fact. On the averments of the bill Ladd and the bank of Mobile knew that Mrs. Quina was a mere surety, of course; but a bona fide purchaser for value without notice is not affected by notice to his vendor. Prince v. Carter, 186 Ala. 535, 65 So. 326; Martinez v. Lindsey, 91 Ala. 334, 8 So. 787. The general rule is that the defense of bona fide purchaser for value without notice is defensive matter and must be set up by way of plea or answer. Hooper v. Strahan, 71 Ala. 79; Wood v. Holly Mfg. Co., 100 Ala. 350, 13 So. 948, 46 Am. St. Rep. 56, and authorities cited. However, as to the burden of proof, the party pleading bona fide purchase having first made satisfactory proof of purchase and payment, the burden shifts to the other party to prove that before the payment the purchaser had actual or constructive notice of the equity asserted or of facts sufficient to put him on inquiry, which, if followed up, would have discovered the equity relied upon. Hodges v. Winston, 94 Ala. 576, 10 So. 535, and authorities cited. A conveyance by a married woman, whether by deed or mortgage, as security for her husband, is denounced by the statute. Code, § 8272. "The conditions existing, the invalidity cannot be avoided by any circuitous line or series of conveyances." Heard v. Hicks, 82 Ala. 484, 1 So. 639. In the case just cited it was said that such conveyances are void. But as that and other cases clearly show, such conveyances are void as between the parties, but the rights of innocent purchasers for value without notice are protected; that is to say, such conveyances are voidable. It results from the foregoing statements of the law as applied to the facts averred that the demurrers of the several defendants, taking the objection in effect that the bill fails to show that Hatter had knowledge or notice of the fact that the deed which testatrix executed in lieu of a foreclosure was affected by the statute denouncing contracts by which the wife becomes surety for the husband, were well overruled.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.