189 So.2d 554

T. C. STEWART

v.

Herman G. PEABODY.

1 Div. 289.

Supreme Court of Alabama.

Aug. 25, 1966.

Keener T. Blackmarr, Mobile, for appellant.

Mayer W. Perloff, Mobile, for appellee.

HARWOOD, Justice.

In the proceedings below the plaintiff brought a statutory action in the nature of ejectment. At the conclusion of the plaintiff's evidence the court granted the defendant's motion to exclude the evidence, and entered a judgment in favor of the defendant. The plaintiff's motion for a new trial being overruled, he perfected an appeal to this court.

The plaintiff and defendant occupied the same positions on this appeal that they did in the proceedings below, and they will hereinafter be referred to as plaintiff and defendant.

The evidence shows that in 1942, the plaintiff purchased a lot from the Mobile Terrace Development Company. A deed to the lot was not delivered to the plaintiff until 1944, and in that year he paid back escape taxes to 1928. In 1944 the plaintiff assessed the lot in his own name and has paid taxes thereon each year to the date of the suit.

In the proceedings below the plaintiff introduced in evidence the warranty deed from the Mobile Terrace Development

Company. Among other things the deed provides:

"And the said Mobile Terrace Development Company, for itself, its successors and assigns hereby covenants with the grantee that it is in quiet and peaceable possession of the said property * * *"

The plaintiff testified as a witness in his own behalf. His testimony covers only about five pages of the transcript of evidence, and because of its equivocal nature is of little probative value. After testifying that he had purchased the lot, paid the escape taxes back to 1928, and that he assessed the lot in his own name in 1944, and paid taxes thereon since that time, the record shows that the plaintiff testified on his direct examination as follows:

"Q. * * * At the time this suit was filed, and the day before it was filed, who was in possession of this property?

"A. I was, as far as I know.

"Q. Well, did you actually have a fence around it, and occupy it yourself?

"A. No, I did not.

"Q. I am speaking of this year.

"A. No sir.

"Q. This year, speaking of 1964, you may think I said forty-four. I said sixty-four, this year. Did the Defendant, Herman Peabody, occupy the property or any part of it?

"A. He was on it. I went out there to see where the surveyor had staked it off and the stakes were torn up and gone and Mr. Peabody was on it.

"Q. Mr. Peabody was on it?

"A. Yes sir.

"Q. Let me ask you * * *. At the time you filed this suit he was in possession of it?

"A. Yes sir."

On cross examination after testifying that there was a fence around the property but that he did not know who put it there, the record shows the following:

"Q. And that fence was built by Mr. Peabody, wasn't it?

"A. It was built. I don't know who put it there.

"Q. It has been there some ten to twelve years, hasn't it?

"Mr. Blackmarr: We object to that question, Judge.

"Court: Overruled.

"Mr. Blackmarr: We except.

"A. As far as I know, four or five years.

"Q. Four or five years?

"A. As far as I know, yes sir.

"Q. And you didn't put it there, did you?

"A. No.

"Q. And it is around the subject property, is that right?

"A. Yes sir."

The plaintiff further testified that junked automobiles are scattered over a portion of the lot, and that they had been there "to my knowledge, four or five years."

On redirect examination the plaintiff testified that he went over to see the property "once in a while."

After the testimony of the plaintiff, the plaintiff rested his case and the defendant made a motion to exclude the evidence because the plaintiff had not established a prima facie case. As before stated, the court granted this motion, and later entered a judgment in favor of the defendant.

The plaintiff (appellant) has assigned five errors.

Assignment of error No. 2 is that the trial court erred in granting the defendant's motion to exclude the plaintiff's evidence.

The granting of the motion to exclude the evidence made after the plaintiff has rested has often been criticized in our opinions, and in Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230, it is stated:

"The granting of a motion to exclude evidence is never proper in Alabama."

Even so, it is firmly established by a large number of our decisions that the trial court will not be put in error for granting such motion, even though procedurally improper, where the plaintiff's evidence does not make out a prima facie case. Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689, and numerous cases cited therein.

If the evidence presented by the plaintiff in the proceedings below did not establish a prima facie case, no error will be cast upon the lower court because of its action in granting the defendant's motion to exclude the evidence. After consideration of the plaintiff's evidence, we conclude that it did not establish a prima facie case and therefore no merit attaches to this assignment.

In a statutory ejectment suit a plaintiff may recover by showing title from a grantor in possession, or from a common source, or by an unbroken chain of title from the government. Florence Building and Investment Association v. Schall et al., 107 Ala. 531, 18 So. 108; Henry v. Brannan, 149 Ala. 323, 42 So. 995; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793.

Since there is no evidence showing title from a common source or from the government, we look to the evidence to show if there is any evidence tending to establish the plaintiff's title from a grantor in possession.

Counsel for the plaintiff (appellant) argues that because of the provision in the deed from Mobile Terrace Development Company to the plaintiff that it was in quiet and peaceful possession of the property, that such recital is sufficient to establish possession in the plaintiff's grantor.

As stated in 20 Am.Jur., Evidence, Sec. 940:

"Recitals in a deed other than an ancient deed are not, as a general rule, competent evidence against a stranger to the instrument to prove the facts therein recited, nor are they binding upon him."

The present deed, being less than 30 years old, cannot be considered as an ancient deed.

The doctrine of our cases is in accord with the general rule as set forth from 20 Am.Jur., supra, that the recitals in deeds are not evidence of the facts stated as between strangers to the deed. Millican v. Mintz, 251 Ala. 358, 37 So.2d 425; Reynolds v. Henson, 268 Ala. 239, 105 So.2d 679.

In support of his argument that the recitals in the deed to the plaintiff as to possible possession being in his grantor is sufficient to establish prima facie that possession was in the plaintiff's grantor, counsel relies largely upon the following statement to be found in Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110:

"The auctioneer's certificate, pursuant to the power of sale, is prima facie evidence of its recitals as to the notice, the time and place of sale, and regularity of it all. Ward v. Ward, 108 Ala. 278, 19 So. 354; Naugher v. Sparks, 110 Ala. 572, 18 So. 45; Harton v. Little, 176 Ala. 267, 57 So. 851; Williams v. Oates, 212 Ala. 396, 102 So. 712; Ritter v. Moseley, 226 Ala. 648, 649, 148 So. 143."

This argument overlooks that the court in Elson v. Pridgen, supra, was dealing with the recitals in a deed executed pursuant to a sale by virtue of the power of sale granted in a mortgage.

Where a mortgage itself provides for the terms and conditions of a sale, and a mort-

gage deed purports to be made in the execution of the power granted in the mortgage, the auctioneer's certificate pursuant to the power of sale and his recitals as to the regularity of the sale, and his recitals in the mortgage deed as to the regularity of the sale, are prima facie evidence of such facts, provided the mortgage containing the power to sell, and the conditions of the sale, are introduced in evidence. Harton v. Little, 176 Ala. 267, 57 So. 851, Miller et al. v. Faust, 248 Ala. 268, 26 So.2d 908.

The plaintiff below, under the governing legal principles, having failed to establish by his evidence a prima facie case, the court was correct in entering a judgment for the defendant. Likewise, and for the reasons above stated, error will not be cast upon the lower court because of its action in excluding the evidence of the plaintiff.

This case is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.