## HINES v. GREENLEE AND GREENLEE.

<table>
<tr><td>3</td><td>73</td></tr>
<tr><td>102</td><td>256</td></tr>
<tr><td>3</td><td>73</td></tr>
<tr><td>108</td><td>2C</td></tr>
</table>

1. The record of a patent issued by authority of a law of the United States, is a public act, and if a second or duplicate patent should issue, it is of as high authority, and has the same effect as the original or first patent.

2. A suit having been commenced by three persons to recover a tract of land, and one dying pending the suit, it was continued in the name of the survivors. The jury found a verdict in their favor " for two undivided thirds of the land in the declaration mentioned," and assessed damages " by reason of the detention of the premises in the declaration mentioned :" Held, that a proper construction of the verdict was, that the damages were assessed for the detention of two-thirds of the land sued for, and not for the detention of the entire tract.

Error to the Circuit Court of Greene county.

THIS was an action of trespass to try titles, brought by the defendants in error against the plaintiff in error. The suit was originally commenced by three persons, one of whom, having died pending the suit, it was ordered that the suit survive in the name of the survivors. The jury found a verdict for the plaintiffs for " two undivided thirds of the lands in the declaration mentioned, and the sum of thirteen hundred and thirty-four dollars fifty cents damages, by reason of the detention of the premises, in the declaration mentioned," upon which the following judgment was rendered: "It is therefore considered by the court, that the plaintiffs recover of the defendant, two undivided thirds of the south-east quarter and of the north

west quarter of section thirty-two, in township twenty, of range three, east situate, in Greene county, the lands in the declaration mentioned pursuant to the finding of the jury, also the sum of thirteen hundred and ninety-four dollars fifty cents, damages by the jury assessed," &c.

Pending the trial, a bill of exceptions was taken, which sets forth that on the trial of the cause, the plaintiff, to establish his title, proposed to read as evidence to the jury, two copies of patents, which taken together, covered the land claimed in this suit, each bearing date on the first of September, 1824, and purporting to have been duly issued according to law, with a scrawl drawn around the letters L. S. thus (L. S.) where the seal of the General Land Office is always affixed in original patents of lands granted by the government of the United States. On the said copies of patents there was written the certificate of Commissioner of the General Land Office, in the words and figures, following: "General Land Office, October 26, 1837,— I hereby certify, that the within is a true copy of the patent on record in the office. In testimony whereof, I have hereunto subscribed my name, and caused the seal of the office to be affixed at the city of Washington, on the day and year above written."

James Whitcombe, Commissioner.

To this certificate, the seal of the General Land Office, was duly affixed. The plaintiffs offered no evidence to the court of any diligence used whatever, to procure and produce the original patents, of which the copies were offered as above; nor did he in any manner, attempt to account for the absence or want of the originals. The defendants counsel objected to the copies being read as evidence, without such preliminary proof to the court, which motion was by the court, overruled and the copies permitted to be read as evidence of title, to which the defendant excepted.

The defendant now prosecutes this writ of error, and assigns for error,

1st. The admission of the copies in evidence.

2. The giving judgment for damages, for all the lands claimed in the declaration, when the defendants in error, were only entitled to two third, thereof.

THORNTON, for plaintiff in error, cited the dissenting opinion of Judge Johnson, in the case relied on by the counsel for the defendant in error, reported in 5th Peters Rep. 241, and maintained that the copy or *inspeximus* of a grant, was not evidence *per se*, at common law, and that the statutes of 4th Edward, and 13th and 17th of Elizabeth, by which he insisted such copies were admitted, were not in force in this State.

J. B. CLARKE, contra,—cited 1st Phillips on Ev. 424; *ib.* 387; 2d Washington, 276; 7th Wheaton, 272; 9th Wendell, 44; 3 Littell, 330; 3 Stewart, 60.

On the point as to the verdict, 1 Bibb, 251; 4 *ib.* 194; 2 *ib.* 178, Littell, Sel. Cas. 367; 7 Porter, 441; 8. *ib* 66; 9 *ib.* 118.

ORMOND, J.—Without entering on the enquiry whether the *constat* or *inspeximus* of the King's grant is as high evidence as the original at common law, or (as insisted by Judge Johnson,) that such effect is given to it by the statutes of 4th Edward and 13th and 17th of Elizabeth, we think the question, at least in this country, may be placed on clear and indisputable grounds.

The law provides that on certain acts being done, the citizen shall acquire title to a portion of the public lands, and that *a patent* therefor shall issue, which shall be recorded. The patent is not the title, but merely evidence, that according to law, a portion of the public domain has been transferred to a citizen. Its efficacy proceeds from the law which authorizes and requires certain public officers to issue and record it. The record showing this to have been done, is a public act, and therefore a second patent, which may issue, is not a copy of the first, but is rather a republication of the original, and imports the same absolute verity.

The difference between the record of patents and the registration of the deeds is, that the object of the latter is *notice*, and the registration is not of the essence, or necessary to the validity of a deed—but patents are by law recorded when issued. The record is therefore a public document.

Upon the subject of deeds, which by law are required to be enrolled, Chief Baron Gilbert, in his Law of Evidence, 87, says: "Where a deed needs enrolment, then the enrolment is the sign of the lawful execution of such deed, and the officer ap-

pointed to authenticate such deeds by enrolment, is also impowered to take care of the fairness and legality of such deeds, and therefore a copy of such enrolment must be sufficient, for when the law has appointed them to be made public acts; the copy of such public acts shall be a sufficient attestation. But when a deed needs no enrolment, then, though it be enrolled the *inspeximus* of such an enrolment is not evidence, because since the officer has no authority to enrol them, such enrolment cannot make them public acts, and consequently cannot entitle the copy of them to be given in evidence, for then, if the deed were doubtful, it were but to enrol it, and bring the copy or *inspeximus* in evidence, and thereby avoid producing a deed which was any way suspicious."

We are, for the reasons given, of the opinion, that the supposed copies offered in evidence, were of as high dignity as the originals, and that the Court did not err in permitting them to go to the jury.

Neither is the second assigment of error well taken. The jury find a verdict for two undivided thirds of the lands in the declaration mentioned, and assess damages " by reason of the detention of the premises in the declaration mentioned." It would be a forced construction, to suppose that the jury assessed damages for the detention of lands which their verdict ascertains do not belong to the plaintiffs; but the natural and fair interpretation is, that the damages were assessed for the detention of the lands which belonged to the plaintiffs. The course of this Court has been, to support the judgment of the Court below, when it can be concluded from the verdict, as is shown by the cases referred to by the counsel for the defendant in error.

There is no error in the judgment of the Court below, and it is therefore affirmed.