(79 South. 189)

MONFEE v. HAGAN et al. (5 Div. 668.)

(Supreme Court of Alabama. June 6, 1918. Rehearing Denied June 29, 1918.)

1. EJECTMENT ⚙➾9(1)—DEFENSES—PLEADING.

Since plaintiffs in ejectment are bound to recover, if at all, on strength of their own title, and not on weakness of adversary's, defendant has right to rest upon mere denial of title asserted by plaintiff.

2. EJECTMENT ⚙➾86(3)—DEFENSES.

Where plaintiffs in ejectment, claiming as heirs, showed that father was in possession of property at his death, but that he had not acquired title, burden was not shifted to defendant, who was a purchaser from widow but was claiming title by subsequent adverse possession, and the principle that one cannot deny a common source of title and as well Code, § 4846, relating to disability of infants, are not involved.

3. EVIDENCE ⚙➾341 — DECLARATION OF ADVERSE POSSESSION—ADMISSIBILITY.

A declaration of adverse possession filed in the office of the judge of probate in 1898 in accordance with Code 1896, § 1541, is admissible in evidence in an action of ejectment by heirs.

4. EVIDENCE ⚙➾158(16)—BEST EVIDENCE.

In ejectment under claim of adverse possession, widow was properly allowed to testify that deceased husband paid taxes on land, without producing receipts.

5. EVIDENCE ⚙➾501(1)—CONCLUSIONS.

In ejectment, adverse possession being an issue, it was error to permit witness to state her conclusion as to legal meaning and effect of her possession without requiring her to state the facts, especially where the facts were in dispute.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

---

⚙➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ejectment by Rebecca Hagan and others against C. W. Monfee. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. M. Holly and George F. Smoot, both of Wetumpka, for appellant. W. P. McGaugh, of Montgomery, and Eugene Ballard, of Prattville, for appellees.

SAYRE, J. [1] Statutory action of ejectment for an 80-acre tract, two 40's of land according to the government survey. Appellees, who were plaintiff's in the circuit court and brought this suit very shortly after attaining their majority, claimed title as children and heirs at law of Joseph J. Nummy, who died in possession of the land in suit. It was no part of his homestead. Nummy's only claim of right and title, as appeared from the evidence offered by plaintiffs, was that about three years before his death, which occurred in 1898, he had filed a declaration of adverse possession in the office of the judge of probate in accordance with section 1541 of the Code of 1896, and thereupon entered into possession of the land. In 1902 his widow made a deed of the entire tract to one Ross, delivering possession to him. Defendant, Monfee, pleaded the general issue, and, since plaintiffs were bound to recover, if at all, on the strength of their own title, and not on the weakness of their adversary's, defendant had a right to rest upon a mere denial of the title asserted by plaintiffs.

[2] Defendant was also entitled to avail himself of any legal defense, and had the undoubted right to acquire by purchase or adverse possession as many outstanding claims of title as he saw fit, and if any such independent title were superior to that shown by plaintiffs, he would have had a perfect defense. And defendant, it appears, did undertake to answer plaintiffs' case by alleging and offering evidence to show that he and those under whom he claimed, reaching back to the widow Nummy, who conveyed to Ross, as we have said, whose title passed by mesne conveyances to defendant, for more than ten years, not including the time of the widow, had held the land adversely to all the world. If defendant had claimed under Nummy, and plaintiffs had rested and relied upon proof of prior possession by Nummy, without more, as evidence of title in him, and so of inherited title in them, that would have shifted the burden of proof to defendant, and, as against his claim of title by adverse possession, would have brought into consideration the principle that one cannot deny a common source of title, and as well section 4846 of the Code, which provides, in effect, that infants shall have three years after the termination of their disability in which to sue or defend in ejectment. But it is unnecessary to consider the questions thus hypothesized, for defendant did not claim under Nummy, and plaintiffs, when proving that the ancestor under whom they claimed had been in possession, proved also that his possession meant nothing as to title and therefore that they inherited nothing from him.

[3] Nummy's declaration of adverse possession, offered by plaintiffs, conformed substantially to the statute of that time (section 1541 of the Code of 1896), and was properly admitted in evidence.

[4] Assuming that she knew the fact of which she undertook to testify, there was no error in allowing the witness Mrs. Lillie Evans, who had been the widow of Joseph J. Nummy, to testify that Nummy paid the taxes on the land. It was not necessary to produce receipts for the taxes paid. Brannan v. Henry, 175 Ala. 454, 465, 57 South. 967.

[5] The answers of the witness Mrs. Lillie Evans to the questions propounded to her and assigned for error in the second, third, and fourth assignments evidenced a purpose on her part to state her conclusion as to the legal meaning and effect of her possession after the death of her husband. Her conclusion made no difference in that view of the case we have taken; but if the facts had been material, the witness should have been required to state the facts, particularly so since the facts with reference to one 40 at least of the land were in dispute between the parties; defendant offering evidence tending to show that she claimed one 40, at least, by purchase from one Coker subsequent to her husband's death.

We have had no brief for appellees, and have been left to surmise the theory on which they tried the case and were given the general affirmative charge. Our opinion is that the court committed reversible error in giving the general charge.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.