(87 South. 89)

**STEWART BROS. v. RANSOM.** (8 Div. 318.)

(Supreme Court of Alabama. Oct. 28, 1920.)

**1. Ejectment ⚙⟿15(2)—Plaintiff showing superior title from common source makes prima facie case.**

When plaintiff in ejectment proves that he and defendant claim title from a common source, and that of the two titles emanating from that source his is the superior, he shows a prima facie right to recover.

**2. Ejectment ⚙⟿90(2)—Plaintiff may introduce deeds connecting defendant's title with common source.**

Where defendant in ejectment denies that he claims from the same source as plaintiff, plaintiff may show that he does so claim by introducing in evidence the various deeds connecting him with the alleged common source.

**3. Ejectment ⚙⟿25(2)—Defendant may defeat action by showing title superior to that of common source of title.**

In ejectment, notwithstanding proof of the insufficiency of defendant's title under the common source, defendant may still defeat the action by showing that there is a title superior to that of the person or persons under whom both parties claim, and that he is the holder of such title.

**4. Trial ⚙⟿234(3)—General charge on hypothesis that jury believes evidence is proper.**

The general charge for defendant is not objectionable in form, when given with the hypothesis that the jury believes the evidence.

**5. Evidence ⚙⟿341—Copy of entry in tract book certified by Secretary of State is admissible.**

Under Code 1907, § 573, requiring the Secretary of State to keep a record of state grants and patents, and section 3983, making transcripts of the papers required to be kept by any public officer competent evidence when certified by the proper custodian, a copy of

⚙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 404.

an entry in the tract book showing a grant was properly admitted when certified by the Secretary of State, notwithstanding section 3984, providing that copies of evidences of title furnished by the Secretary of State to the judge of probate and certified by the judge are admissible.

**6. Ejectment ⬅︎19 — Possession unnecessary when title traced back to the sovereign.**

Where, in ejectment, defendant traced title back to the state and the United States, proof of possession by the parties under whom he claimed was not necessary to the title acquired from them.

**7. Affidavits ⬅︎18½, New, vol. 12A Key-No. Series—Act authorizing recording of affidavits respecting land titles to be strictly construed.**

Act Sept. 28, 1915 (Acts 1915, p. 919), authorizing the recording of affidavits showing the relationship of the parties to conveyances, etc., and making certified copies thereof evidence, is in derogation of rights commonly secured to parties before the courts, and must be construed strictly.

**8. Affidavits ⬅︎18½, New, vol. 12A Key- No. Series—Statute held not to authorize recording of affidavit to support title by adverse possession.**

Act Sept. 28, 1915 (Acts 1915, p. 919) only authorized the recording of affidavits setting forth facts affecting the construction, operation, and effect of conveyances, and did not authorize the recording of an affidavit showing sporadic acts of ownership and asserting title by adverse possession, especially when the affidavit was taken ex parte, and such affidavit had no effect as evidence.

Appeal from Circuit Court, Morgan County; F. Lloyd Tate, Judge.

Action by Stewart Bros. against W. T. Ransom for the recovery of certain lands. Judgment for defendant, and plaintiffs appeal. Affirmed.

Sample & Kilpatrick, of Hartsells, for appellants.

There was evidence in the case from which the jury could infer that the defendant claimed through the plaintiff's grantor in possession, and the court erred in directing a verdict for the defendant. 184 Ala. 153, 63 South. 943; 190 Ala. 597, 67 South. 403; 98 Ala. 480, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82; 84 Ala. 568, 4 South. 404. On the authorities cited above, the plaintiff was entitled to the affirmative charge. The manner of giving the charge was error. 195 Ala. 175, 70 South. 723; 193 Ala. 658, 69 South. 102. The court erred in admitting the certified copy of the tract book. 143 Ala. 321, 39 South. 217; 132 Ala. 337, 31 South. 357; sections 3979, 3980, Code 1907. The court erred in limiting the affidavit. Acts 1915, p. 919.

E. W. Godbey, of Decatur, for appellee.

There is no question of estoppel in this case. 19 C. J. 1063; Bigelow on Estoppel, 356–358; 4 Litt. (Ky.) 272; 73 Ala. 253; 153 Ala. 468, 45 South. 241, 127 Am. St. Rep. 61; 201 Ala. 628, 79 South. 190; 147 Ala. 537, 41 South. 1008. The defendant went into possession under a deed from Morrow, and not from the sheriff. The court properly admitted the certified copy of the tract book. Sections 3979, 3983, Code 1907; 189 Ala. 351, 66 South. 648; 164 U. S. 100, 17 Sup. Ct. 38, 41 L. Ed. 365; 10 Cyc. of Evidence, 716. A defendant may always connect himself with an outstanding title. 19 C. J. 1076, 5 Cyc. of Ev. 36.

SAYRE, J. Statutory action in the nature of ejectment; second appeal. Stewart v. Ransom, 200 Ala. 304, 76 South. 70.

Plaintiffs, appellants, traced their title, through a mortgage and foreclosure, back to W. M. Lynn, and introduced evidence tending to show that the mortgagor Lynn had been in possession at the date of the mortgage, April, 1913. Defendant introduced a certified copy of a list of lands, which included the land in suit, granted by the federal government to the state of Alabama, May 23, 1828, known as the Muscle Shoals List of Lands; a copy of the tract book certified by the Secretary of State of the state of Alabama and showing a grant to H. D. Morrow (to whom the opinion on former appeal refers as "Moore") in 1858; and a deed, dated April, 1914, from Sarah L. Morrow and others, purporting to be the deed of the widow and "the only heirs and distributees of the late Henry S. Morrow, deceased," it having been shown that Henry S. Morrow was one of seven children of Hugh D. Morrow, deceased. Thereupon plaintiffs offered in evidence a judgment in favor of defendant against Lynn aforesaid, execution dated December 9, 1913, levy, sale, and a deed by the sheriff to defendant of the land in suit, dated January 24, 1914; the purpose of this evidence being to show that defendant claimed title under the same Lynn through whom plaintiffs had deraigned title, and so to estop defendant to show a different title.

[1-3] Defendant was not to be so estopped. "When the plaintiff has proved that he and the defendant claim title to the land in controversy from a common source, and that of the two titles emanating from that source his is the superior, he shows a prima facie right to recover." Warvelle on Ejectment, § 265. and "where the defendant denies that he claims from the same source as the plaintiff, the latter may show that he does so claim *by introducing in evidence the various deeds connecting him with such alleged common source*" (italics supplied). Id. To the same effect, we think, may be cited Vidmer v.

Lloyd, 184 Ala. 153, 63 South. 943, the leading case on appellants' (plaintiffs') brief. But the defendant in ejectment may avail himself of any legal defense, and has the undoubted right to purchase as many outstanding claims of title as he may see fit (Id., § 266), and it would seem that authority hardly need be cited to the further proposition of the same text that—

"Notwithstanding the proof of the insufficiency of his title under the common source, the defendant may still defeat the action by showing that there is a title superior to that of the person or persons under whom both parties claim, and that he is the holder of this title." Id.

Certainly no case of ours denies the proposition. In Birmingham Fuel Co. v. Boshell, 190 Ala. 597, 67 South. 403, cited by appellants, the title of each of the parties was traced back to a common source, but there was no acquisition of an outstanding title. So, generally, in the other cases. But that defendant had the right to acquire as many outstanding titles as he saw fit, and avail himself· of any one of them shown to be superior to that of the plaintiffs, is commonly recognized in our cases. Cooper v. Watson, 73 Ala. 252; Harris v. Stevenson, 147 Ala. 537,,41 South. 1008; Francis v. Sheats, 153 Ala. 468, 45 South. 241, 127 Am. St. Rep. 61; Monfee v. Hagan, 201 Ala. 627, 79 South. 189. This will suffice to dispose of several of the assignments of error argued in the brief for appellants.

[4] There was nothing objectionable in the form in which the court gave the general charge for defendant. The instruction was with hypothesis that the jury believed the evidence, and was not a categorical instruction such as was considered in Sherrill v. Merchants' & Mechanics' Bank, 195 Ala. 175, 70 South. 723, and Shipp v. Shelton, 193 Ala. 658, 69 South. 102, cases cited by appellants.

[5] The certified copy of the entry in the tract book relating to the land in suit and showing its grant to H. D. Morrow was properly admitted in evidence. True, the statute (Code, § 3984) provides, in effect, that copies of any evidences of title to lands, furnished by the Secretary of State to the judge of probate, when certified by such judge, are admissible in this state; but this section provides an additional and more convenient method of proof; it is not exclusive; and in our judgment the certificate was admissible under section 3983 of the Code. It was the duty of the Secretary of State to keep a record of all grants and patents issued by the state (Code, § 573), and 3983 provides that all transcripts of books or papers, or parts thereof required by law to be kept in the office of any public officer, when certified by the proper custodian thereof, must be received in evidence in all courts. The same results would be attained on common-law principles even though there were no such statute as section 3983. Hines v. Greenlee, 3 Ala. 73.

[6] The certified copy of the tract book having been properly admitted, thus tracing defendant's title back to the state and the United States, proof of possession by the Morrows was not necessary to the title which he acquired from them.

[7, 8] Appellants offered in evidence an affidavit of W. M. Lynn, dated nearly five years after the commencement of this suit, and purporting to have been sworn to and subscribed in the county of Tishomingo, state of Mississippi, containing a statement as to how he acquired his title to the land in controversy, showing sporadic acts of ownership insufficient in themselves to establish a title by adverse possession (200 Ala. 304, 76 South. 70), affirming that for more than ten years prior to 1914 he had been in "the actual, open, continuous, uninterrupted possession of the same, claiming the absolute title thereto" under the deed to him, and that his deed had been lost and could not be found. This affidavit was recorded in the office of the judge of probate of Morgan county June 10, 1919. As we understand the bill of exceptions, the trial court admitted this affidavit "only upon the question of the adverse possession of Lynn." Counsel for appellee say in brief that by the act of September 28, 1915 (Acts, p. 919) "it was not intended that an absconding fugitive" (Lynn had absconded from Morgan county in December, 1913) "should hie him hence and send back a Parthian shot, in the form of an ex parte affidavit from a one-night stand in a distant state, setting forth that he had a deed, that he bought the land, that he remained in possession, and thereby sweep away the title to a vast domain." Our opinion is that counsel has very well described one purpose for which this act was not adopted by the Legislature and at the same time the only effect its application to the case at bar could have, if construed as comprehensively as appellants would have it. The act evinces a purpose to provide a proceeding in the nature of a deposition taken de bene esse, or, more properly perhaps, in the nature of a proceeding to perpetuate testimony, but, if intended to operate in pending causes, against pending claims of title not yet in suit, and as broadly as appellants construe it, it may be noted that it makes no provision, by notice, cross-examination, or otherwise, for safeguarding the interest of the party against whom the affidavit may be used "as evidence of the facts therein recited and shall be sufficient to prima facie establish such facts," and would be equally admissible if filed overnight pending the trial. This act, however construed, is in derogation of rights which are commonly secured to parties before the courts and readily lends itself to grave abuse, and while we can see

no sufficient reason for rejecting it as unconstitutional, either in substance, or because its subject is not clearly expressed in its title, as appellee also contends, we are clear to the opinion that it ought to be construed strictly and as expressing, if possible within its terms, a policy more enlightened than that for which plaintiffs contend. On plaintiffs' view of the act it might be satisfactorily shown that the affidavit was not taken in a case authorized by the act, that affiant was not shown to be a nonresident of this state nor that the place of his residence was unknown to the parties offering the affidavit, that is, to both the plaintiffs; but we need not go into the argument of that question, for the act, in our opinion, cannot be construed so comprehensively. Its language, construed as we have indicated, shows the legislative purpose to authorize the parties to conveyances to place upon the record affidavits setting forth facts proper for consideration as affecting the construction, operation, and effect of the conveyance at the time of its execution, and could never have been intended to permit parties, in an ex parte and irresponsible proceeding to manufacture or even record evidence purporting to effect other conveyances or to prove titles differently derived, as, for example, a title by adverse possession. So construed, the affidavit in this case meant nothing as evidence, for the facts stated therein were not such facts as the act authorized to be so stated. The affidavit was not sufficient to take the question of plaintiffs' claim of title by adverse possession to the jury, nor did plaintiffs' other evidence suffice. 200 Ala. 304, 76. South. 70. It follows from this and the conclusions stated in the forepart of this opinion that the trial court committed no error in giving the general charge for defendant, appellee.

May we not note the fact that the record in this cause has no index as the rule of this court requires it should have.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes