180 So. 307

**STEWART et al. v. CARNELL et al.**

**8 Div. 867.**

Supreme Court of Alabama.

Feb. 24, 1938.

Rehearing Denied April 21, 1938.

S. A. Lynne, of Decatur, for appellants.

638

E. W. Godbey, of Decatur, for appellees.

BROWN, Justice.

This is an action in the nature of an action in ejectment, brought by the appellants against appellees, to recover the possession of the N.W.¼ of N.W.¼ of section 36, township 7, range 4 west, situated in Morgan county. Code 1923, § 7453.

The defendants interposed the plea of the general issue, not guilty, and the trial was before the court without the intervention of a jury, resulting in a judgment for the defendants.

It appears without dispute that the lands, the subject matter of this suit, were embraced in a warranty deed executed by S. H. Herring and his wife, May H. Herring, on September 5, 1873, to James A. Moore, conveying to said Moore the W.½ of the N.W. ¼ of section 36, township 7, range 4 west, "containing Eighty (80) Acres, more or less." Both parties claim through Moore as the common source of their title.

The plaintiffs claim through a deed of gift executed by said Moore and his wife, Harriet Moore, of date March 9, 1885, reciting that:

"For and in consideration of the love and affection which I bear to my sisters Mary E. Moore and Francis A. Moore I do hereby give and *bequeath* unto my beloved sisters Mary E. *More* and Francis A. Moore the following described tract or parcel of land situated & lying in the County of Morgan and State of Alabama to wit:

"The NW¼ of the NW¼ of Sec. 36, Township 7 Range 4 West, *except about four acres taken up by South & North Alabama Rail Road right of way, and a slip on the side of said road supposed to be about thirty six acres more or less,* to have and to hold unto the said Mary E. Moore and Francis A. Moore for the term of their natural life, and after their death to revert back to my wife Harriet Moore." (Italics supplied.)

The defendants claim through a warranty deed executed by James A. Moore and "Harriette Moore," to Mary E. and Frances A. Moore, dated July 20, 1874, reciting the payment of a consideration of $228, attested by J. E. Wyatt and James Wyatt, probate of which was taken by S. H. Herring, a justice of the peace of Morgan county, on July 21, 1874, as then authorized by section 1549 of the Revised Code of 1867.

The original deed has been certified to us as authorized by the Supreme Court Rule of Practice 24. An inspection of the deed discloses that as originally written the land was described as follows: "The SW¼ of NW¼ of Sec. 36 Township 7 Range 4 west (except about four acres taken up in the South and North Alabama Rail Road ⋀ and a slip on the East Side of said land) supposed to be about thirty Six acres more or less." This description was altered by drawing through the letters and figures SW ¼ two parallel lines, thus SW ¼, and placing immediately above these the following,

NW ¼, and interlining between the words "Rail Road" and the word "and" immediately following at the point indicated by caret (/\) above, the word "Riteaway." The writing in the body of the deed is with black ink. The alterations appear to have been made with a different pen and different colored ink—black with brownish tinge—the same as used by the grantors in signing the deed and by the witnesses in attesting the signatures of the grantors, and by the justice of the peace in writing his certificate of probate. This deed was recorded in the office of the judge of probate of Morgan county on September 17, 1874, and the original record was in evidence; as to this item of evidence the bill of exceptions recites:

"Defendant offered in evidence deed book O, page 431, deed from James A. Moore and wife to Mary E. and Frances A. Moore, dated July 21, 1874, conveying the lands in suit. The deed was recorded the 17th day of Sept., 1874, which deed is as follows." The record of the deed set out in the bill of exceptions described the land as "The Northwest quarter (NW ¼) of the Northwest Quarter (NW ¼) of Section 36, Township 7, Range 4 West (except about 4 acres taken up in the South and North Alabama Railroad *and right of way* and a slip on the east side of the said road) supposed to be about thirty-six (36) acres, more or less." (Italics supplied.)

The bill of exceptions shows the record of the deed was first offered by the defendant, and that, to quote its language: "Plaintiff objected to this deed because it was not properly acknowledged, because the parties didn't claim under that deed, but went into possession under the deed of 1885, and not in possession under that deed; because the record shows that the deed has been altered and changed, the record has been changed from the Southwest Quarter (SW ¼) to the Northwest Quarter (NW ¼) and the change is different in appearance.

"Thereupon, the defendant introduced in evidence the alleged deed showing the same alteration and the same handwriting. The court overruled the plaintiff's objection, and the plaintiff duly reserved exception."

There was evidence going to show that the grantees named in the deed executed in July, 1874, went into possession of the thirty-six acres which lie west of the railroad right of way, built a house thereon, and remained in possession and control until death. Mary E. Moore died in about the year 1912, and Frances A. Moore died in the year 1922. Before her death Frances A. Moore conveyed the land by warranty deed to one of the defendants who has remained in possession up to the trial. The grantor, James A. Moore, and his wife occupied the S.W.¼ of S.W.¼ of said section 36 until the death of said James A., which occurred some twenty years before the trial. Mary E. and Frances A. Moore were never in possession of the S.W.¼ of S.W.¼ of said section 36, nor was said James A. Moore and Harriett Moore ever in possession of the N.W.¼ of N.W.¼ after the possession thereof was delivered to the grantees in the deed of 1874.

On January 29, 1903, Harriet Moore undertook by deed to J. B. Moore, under whom plaintiff claims, to convey the "reversion" mentioned in the deed of 1885. The last-mentioned deed by Harriet Moore to J. B. Moore was witnessed by *Fannie P. Moore,* not Frances A. Moore.

The plaintiff offered a number of witnesses who testified as to declarations made by Mary E. and Frances A. Moore that they had a life estate in the land in suit.

■ It is well settled that the plaintiff in the action of ejectment, or the action in the nature thereof, must recover on the strength of his own title; and not upon the weakness of his adversaries. Bromberg v. Smee, 130 Ala. 601, 30 So. 483; 8 Alabama Digest, Ejectment, p. 188, ⊜ 9.

■ It is also well settled in this jurisdiction that alterations in a deed will be presumed to have been made prior to its execution unless it be of a character to excite suspicion that it occurred thereafter. Burgess & Co. v. Blake et al., 128 Ala. 105, 28 So. 963, 86 Am.St.Rep. 78; Sharpe v. Orme, 61 Ala. 263.

The deed of date July 20, 1874, carries on its face intrinsic evidence that the alterations in the description of the lands were made anterior to its execution, and our conclusion is that it was made by the justice of the peace, at the time of the signing, and thereafter the justice took proof of its execution and made his certificate of probate.

While it appears that the recording officer who entered the deed of record took considerable liberty in writing out in long-hand the words *"The Northwest Quarter* (NW ¼) of the *Northwest Quarter* (NW ¼),"* he no doubt did so because of the alteration appearing on the face of the deed when filed for record, in order to make cer-

tain the deed conveyed and the description covered the *northwest quarter of the northwest quarter* of said section 36 and *not the southwest quarter of northwest quarter of said section.*

■ The quantity of land embodied in the deed was not increased by the alterations, and in the light of the facts stated we hold that the alterations in the description were not of a character to excite suspicion, and the presumption as to the alterations, under the rule above stated, obtains. Both the deed and the record thereof were more than thirty years old and were admissible in evidence as ancient documents, hence the objections thereto were properly overruled. Sudduth v. Central of Georgia Ry. Co., 201 Ala. 56, 77 So. 350; Ray v. Farrow, 211 Ala. 445, 100 So. 868; Campbell v. Bates, 143 Ala. 338, 39 So. 144; White, McLane & Morris v. Farris, 124 Ala. 461, 27 So. 259.

■ Aside from the infirmity appearing on the face of the deed of gift executed in 1885, that it excepted from the gift and bequest the entire tract, it clearly appears that James A. Moore parted with his entire title by the execution and delivery of the deed of 1874 to his sisters, named as grantees, and said deed of 1885 was but an abortive effort to create an estate for life in the grantor's sisters and a reversion or remainder in his wife, Harriet.

■ If it should be conceded that the parol testimony as to the declaration of the grantees in the deed of 1874, as to the character and extent of their title, in the circumstances, constituted a basis of estoppel in the face of said deed, the act of Frances A. Moore, while in the undisputed possession of the land in conveying by warranty to Mrs. Carnell in 1922, tended to rebut any adverse inference afforded by such testimony, and at least produced a conflict in the evidence, and it was within the province of the trial court, hearing the evidence ore tenus, as the trier of the facts to settle this conflict.

■ So, also, the declarations of Frances A. Moore while in possession, testified to by the witness Aldridge, to the effect that "it was their place," was admissible as explanatory of the declarant's possession, and was not subject to the objection that it was hearsay—this is within the exceptions to the general rule. Humes v. O'Bryan & Washington, 74 Ala. 64.

■ In view of the tendencies of some phases of the testimony in respect to the competence of Frances A. Moore to understand and appreciate her act in executing the deed to Mrs. Carnell, the statements and declarations of Miss Moore to the witness Floyd Armstrong was competent.

After mature consideration of the case as presented on the record, we concur in the conclusion and judgment of the trial court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice.

■ The deed from James A. Moore to the Moore sisters executed in 1874, and the original record, were ancient documents, and the deed carried on its face intrinsic evidence that the alteration therein was made before execution. Therefore, it was not within the influence of section 7717, of the Code 1923, which applies to writing "which has been altered, or appears to have been altered, after its execution."

■ The record of the deed and the intrinsic evidence noted in the foregoing opinion was sufficient as a predicate to authorize the admission of the deed in evidence.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.