31 So.2d 67

**ALBRIGHT et al. v. NIGHSWONGER et al.**

6 Div. 533.

Supreme Court of Alabama.

June 19, 1947.

Chester Austin, of Birmingham, for appellants.

Jas. W. Aird and W. T. Edwards, both of Birmingham, for appellees.

BROWN, Justice.

This is an action in the nature of an action of ejectment by the widow and heirs at

law of R. D. Nighswonger against L. C. Albright and J. Paul Ward to recover possession of five acres of land described in complaint as the E–½ of the NW–¼ of the NE–¼ of the SE–¼, except the north 20 feet thereof, in Section 31, Township 16, Range 1 West, Jefferson County, Alabama.

The parties claim from a common source, W. T. Turner and wife. The plaintiffs claim by and through a warranty deed executed by Turner and wife on the 26th of April, 1930, and filed for record in the office of the Judge of Probate of Jefferson County on March 11, 1944, fourteen years after its execution.

The defendant Ward deraigns title through a quitclaim deed from Turner and wife to Alton Preston Cockrell, executed on the 8th of January, 1943, in consideration of $5.00 and duly recorded on January 11, 1943, in the office of the Judge of Probate of Jefferson County, and a warranty deed executed by Alton Preston Cockrell and Effie W. Cockrell to him on the 19th of April, 1943, and duly recorded on May 3, 1943, in consideration of the payment of $650.00. Albright holds a mortgage executed by Ward to Cockrell April 19, 1943, and duly assigned to Albright.

Oscar Heffernan, one of the grantees named in the deed of Turner and wife to Nighswonger, testified that he was the father-in-law of Nighswonger, who married his daughter named as one of the plaintiffs, and the grandfather of the children of Nighswonger with whom they live; that he had been in possesion and was still in possession of the land sued for. This testimony was sharply controverted by countervailing testimony offered by the defendant and the evidence shows without dispute that neither Nighswonger nor Heffernan ever returned this land for taxes or paid any taxes thereon. During the time between the date of the deed to them by Turner and wife and the time Turner executed the deed to Alton Preston Cockrell the land had been twice sold for its taxes; first, as we assume, as the property of "owner unknown", purchased by the state and redeemed by Cockrell, and second as the land of Alton Preston Cockrell, bought in by the state and redeemed by Ruby Durbrow. She conveyed by quitclaim deed her interest in the said property to defendant Ward.

There is an absence of evidence that Nighswonger ever had or claimed to have possession of the land or that plaintiffs owned or were ever in possession of the land. Nighswonger died prior to the commencement of this suit. The trial was before the court without the intervention of a jury and resulted in a judgment for the defendant, which, on motion of the plaintiffs, was set aside and a new trial granted. From that judgment this appeal is prosecuted.

The unrecorded deed executed on the 26th of April, 1930, by Turner and wife to Heffernan and Nighswonger, and entered of record after Ward acquired title to the property for a valuable consideration under his purchase from Cockrell April 19, 1943, was void as to him, under the statutes requiring registration of deeds (Code 1940, tit. 47, § 120) and there being an absence of evidence that the plaintiffs and those under whom they claim have been in actual, notorious and continuous possession of the property for a period of ten years or more, the plaintiffs are not entitled to recover. The plaintiffs must recover, if at all, on the strength of their title, not on the weakness of the defendants'. Stewart et al., v. Carnell et al., 235 Ala. 636, 180 So. 307.

The order of the court granting the motion for a new trial is, therefore, reversed and the judgment in favor of defendants is reinstated.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.