37 So.2d 425

**MILLICAN et al. v. MINTZ.**

**7 Div. 937.**

Supreme Court of Alabama.

Oct. 7, 1948.

Rehearing Denied Nov. 18, 1948.

Merrill, Merrill & Vardaman, of Anniston, for appellants.

Ross Blackmon, of Anniston, for appellee.

BROWN, Justice.

This is a statutory action in the nature of ejectment under § 938, Code of 1940, Title 7, by appellee Mintz against appellants Millican and wife and Dooley instituted October 22, 1945. The complaint as first filed contained three counts. Count one claims a segment of land 579 feet in length "running east and west and 175 feet and 4 inches in width situated in the southwest corner of the NE-¼th of the SE-¼th of Section 22, Township 13, Range 7 East, Calhoun County." The second count claims a segment of land 556 feet and 4 inches in length running east and west and 112 feet wide running north and south in the SW corner of the SW-¼th of the NE-¼th of said Section 22. The third count claims a segment in the South ½ of the NE-¼th of said Section 22, described as "Beginning at a point 112 feet and 5 inches from the Southwest Corner, of the South half of SW-¼ of NE-¼, Section 22, Township 13, Range 7 on the West line of said property and extending thence north a distance of 208 feet, thence East a distance of 33 feet, thence South of equal width a distance of 208 feet, thence West a distance of 33 feet, to the point of beginning, * * *."

On the first trial by their "Plea No. 1" defendants disclaimed possession of the premises sued for in the complaint. Defendants' "Plea No. 2" as amended disclaimed possession of the several segments of land described in said complaint and suggested that the law suit involved a boundary line between plaintiff's property and defendants' property and specifically defined the line by courses and distances supported by monuments set up in a survey. To said plea 2 the plaintiff filed three separate replications. Replication one joined issue on defendants' plea 2. In said replication it is averred that plaintiff is the owner and has been in possession of the land which is the subject of the controversy between himself and defendant in this pending suit; that he and his predecessors in ownership, title and possession of said land (the subject of the controversy in the pending cause) for more than twenty years immediately preceding the filing of the suit have had adverse possession of said lands.

Replication 3 avers that there was a survey made of said lands by W. T. Morton approximately fifteen years ago, that subsequent surveys were made by E. H. Lee, setting forth the several tracts as laid off in the government survey, describing the monuments and markings. That "the various lines of the Morton Survey traversed the old division lines between the quarter sections, as herein mentioned, which said division lines had been duly and fully recognized by the coterminous owners for more than twenty years prior to August 25th, 1945, in fact had been so recognized for a period exceeding one-half a century. The division line between the NW-¼ of the SE-¼ of the NE-¼ is further marked by an old hedge row, and division fence; and the West line dividing the SW-¼ of the NE-¼ and the SE-¼ of the NW-¼ is further marked by an old hedge row, which has been in existence for more than twenty years and which was acquiesced in by the coterminous owners as being the true and correct line for more than twenty years prior to the 25th day of August."

360

On the issues thus formed the first trial was had resulting in a verdict and judgment for defendants from which plaintiff appealed and the judgment was reversed for errors committed by the circuit court in rejecting plaintiff's proffered evidence going to show adverse possession. Mintz v. Millican et al., 248 Ala. 683, 29 So.2d 230.

On the trial following reversal the defendants withdrew their plea 2 as originally filed and as amended and the plaintiff amended his complaint by adding counts A and B. Count A claimed a strip of land 179 feet in width extending across the north end of the SE-¼ of the SE-¼ of Section 22, Township 13, Range 7 East to the west line of said quarter section a distance of 1345 feet. Count B claimed a strip of land 46 feet and 4 inches in width extending across the north end of the NW-¼ of the SE-¼ 1345 feet to the west line of said quarter section. To said counts the defendants interposed the plea of not guilty.

■ The effect of the reversal of the judgment of the circuit court on the first appeal was to vacate and annul all rulings on the pleadings leaving the issues opened to be reframed by the parties on the subsequent trial. Alabama City G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423. And the effect of the withdrawal by defendants of the statutory suggestion that the controversy was over a disputed boundary line withdrew that issue from the case and plaintiff's replication fell with such withdrawal. Only the defendants were authorized by the statute to inject that issue in the case. Code of 1940, Title 7, § 942.

■ On defendants' filing the plea disclaiming possession and title to the segments of land as described in counts 1, 2 and 3 of the original complaint, plaintiff had the option to take judgment for the lands claimed in said counts or join issue on the disclaimer and, if he could, to prove defendants were in possession and recover damages. Wade v. Gilmer, 186 Ala. 524, 528, 64 So. 611; Pennington v. Mixon, 199 Ala. 74, 74 So. 238. Plaintiff's failure to take judgment or join issue on the plea of disclaimer must be treated as a waiver and abandonment of his claim to the segments of land claimed in the original complaint.

■ Therefore, the only controversy between the parties left for determination and for trial were the issues presented by counts A and B and the plea of not guilty, —the general issue. The effect of such plea was an admission by the defendants that they were in possession of said segments claiming the legal title thereto, carrying the burden to plaintiff to establish in himself the legal title. In this action he must recover on the strength of his own title and not on the weakness of defendants' title. Monfee v. Hagan, 201 Ala. 627, 79 So. 189; Stewart Bros. v. Rensom, 204 Ala. 589, 591, 87 So. 89; Lyons v. Taylor, 231 Ala. 600, 166 So. 15.

There was evidence going to show that plaintiff and defendants were claiming from a common source,—the estate of C. H. Mintz, deceased, the grandfather of the plaintiff, who died on the 4th of November, 1938, according to the recitals in a deed made by the executor of said will in a conveyance to Welch under whom defendants claim. The plaintiff's evidence goes to show that he purchased the following described lands belonging to said estate at a judicial sale made by A. H. Sheppard, as Register of the Circuit Court of Calhoun County, on April 23, 1930, "135 acres NE-¼ of SE-¼, Section 22, Township 13, Range 7 East; NW-¼ of SW-¼, Section 23, Township 13, Range 7 East and East half of NE-¼, Section 22, Township 13, Range 7 East. Also South half of SW-¼ of NE-¼, Section 22, Township 13, Range 7 East, Calhoun County, Alabama." At a sale made by the Register of the Circuit Court of Calhoun County purporting to be in pursuance of a decree of the circuit court of said county, in equity, in a suit or proceeding between R. L. and C. F. Mintz, the register executed to the plaintiff a deed reciting that he was the highest and best bidder for the property described therein. The deed was filed and entered of record in the office of the Judge of Probate of said county on April 28, 1930.

The evidence is also without dispute that on the date of the execution of the deed

plaintiff went into immediate possession of said lands, claiming the same as described in said deed, and has been in continuous adverse possession thereof up to the trial. The register's deed describes the land which it purports to convey according to the government survey. It clearly appears that said deed does not embrace any part of the SE-¼ of the SE-¼ or the SE-¼ of the NW-¼ of Section 22, Township 13, Range 7 East, in which the segments of land claimed by the plaintiff in counts A and B of his complaint are described as being situated. In short, said deed does not show title or color of title to the land claimed by the plaintiff. This renders the testimony of plaintiff and his witnesses going to show that the fence erected on the quarter section line following the government survey established by county engineer Lee, dividing the NE-¼ of the SW-¼, and tending to show a "hedge row" south of the fence wholly immaterial to the issues joined by the parties in the averments of counts A and B and in the defendants' plea of not guilty.

Defendants' evidence tended to deraign title to the SE-¼ of the SE-¼, Section 22, Township 13, Range 7 East from Anderson as executor of C. H. Mintz, deceased, through Welch and Probst to Mrs. Millican and that the Millicans took possession some two years before the trial and continued in possession.

The trial resulted in three verdicts, one for the lands sued for under count A, one for the land sued for under count B, both with damages, and a general verdict for the land sued for with damages. The first two verdicts assessed $75 each as damages and the last $150 as damages.

Neither the decree of the circuit court, in equity, embodying the power of sale upon which plaintiff's deed was predicated nor the will of C. H. Mintz and its probation upon which defendants' title was predicated, were adduced in evidence. The recitals in said deeds are not evidence of the facts stated as between the parties in this suit. Hence defendants' evidence at most shows color of title and in connection with the averments of the complaint and the admissions of the plea shows posses-

sion in defendants. Miller et al. v. Faust, 248 Ala. 268, 26 So.2d 908; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

The plaintiff's evidence falls far short of showing a paper chain of title traced back to the common source or evidence of adverse possession supported by color of title. He was not entitled to recovery and it is our conclusion that the circuit court erred in overruling the defendants' motion for a new trial. Nelson v. Hardin, 233 Ala. 614, 173 So. 229.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.