105 So.2d 679

**W. N. REYNOLDS, alias Dick Reynolds,**

v.

**David HENSON.**

**1 Div. 702.**

Supreme Court of Alabama.

Oct. 9, 1958.

Wallace P. Pruitt and Granade & Granade, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

LIVINGSTON, Chief Justice.

Statutory action in the nature of ejectment. There was a judgment for plaintiff and defendant appeals.

The controversy is over the SW¼ of the SE¼ of Section 17, Township 8 North, Range 1 West, in Washington County, Alabama.

Appellee introduced the following chain of title: Patent from the U. S. Government to Elisha Huntington; quitclaim deed from Elisha Huntington to Charles Smith; Administrator's deed from F. G. Kimball to Levin J. Wilson; warranty deed from Mrs. E. H. Wilson et al. to P. M. Coleman; warranty deed from Lena Foster et al. to N. A. Molton and T. J. Bedsole; quitclaim deed from Abraham Donaldson to N. A. Molton and T. J. Bedsole; quitclaim deed from N. A. Molton to H. R. Molton; quitclaim deed from H. R. Molton to N. A. Molton; quitclaim deed from H. R. Molton to N. A. Molton; warranty deed from K. Fondren Molton et al. to David Henson; warranty deed from David Henson to Carl Braun and Oscar Braun; warranty deed from Carl Braun et al. to David Henson. Plaintiff also attempted to show adverse possession under color of title for ten years and prescription for twenty years.

■ It has been often stated that a plaintiff in ejectment must recover on the strength of his own title and not upon the weakness of defendant's title. Ray v. Fowler, 265 Ala. 65, 89 So.2d 573; Morgan v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134; Albright v. Nighswonger, 249 Ala. 302, 31 So.2d 67. We are of the opinion that plaintiff failed to make out a prima facie case. A chain of title is not stronger than its weakest link. Plaintiff claims under a warranty deed from K. Fondren Molton and Anne M. Molton, his wife, Nathalie Molton Gibbons and Samuel R. Gibbons, her husband, and Mary Ellis Bedsole, individually and as executrix under the last will and testament of T. J. Bedsole, deceased. This deed was executed June 25, 1952, and recorded November 8, 1952, in Deed Book 95, page 457. There was no showing at the trial what interest K. Fondren Molton and Nathalie Molton Gibbons had or from whom it was derived. Also, Mary Ellis Bedsole conveys individually and as Executrix under the last will and testament of T. J. Bedsole. Yet the will under which she purportedly holds was not adduced into evidence. The recitals in the deed are not evidence of the facts stated as between the parties. Millican v. Mintz, 251 Ala. 358, 37 So.2d 425. Plaintiff's evidence showed at most color of title. Millican v. Mintz, supra.

■ Plaintiff's claim to title by adverse possession must fail as well. There was no evidence that K. Fondren Molton, Nathalie Molton Gibbons or Mary Ellis Bedsole were in possession prior to the conveyance to plaintiff. True, there was some evidence of a timber deed executed in 1946 to one Doc Dearmon. This deed was not introduced into evidence. We do not think this one act constitutes such a possession of wild land sufficient for the purpose of acquiring title by adverse possession. Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411; Rucker v. Jackson, 180 Ala. 109, 60 So. 139.

The affirmative charge was requested in writing and should have been given. For this error, the cause is reversed and remanded.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.